TRUST COMPANY OF FLORIDA, a Florida corporation, as Trustee, and NORTHERN INVESTMENT COMPANY, a Florida corporation, *Appellants,* vs. CITY OF TAMPA, a municpal corporation, *Appellee.*

138 So. 73.

Division B.

Opinion filed November 20, 1931.

*Redfearn & Ferrell,* of Miami, for Appellants;

*Karl E. Whitaker* and *H. Lane Coachman,* of Tampa, for Appellee.

Davis, J.—In this case a bill of complaint filed by the City of Tampa to foreclose its lien for city taxes duly alleged that in the year 1929 an assessment was duly made against

"Lot C, Block 16, Less the East 154 ft., Packwood's Sub. of S½ of Gov. Lot 5,"

for city taxes for the year 1929; that default was made in the payment of said taxes so assessed which continued until the first Monday in January, 1930; that the Tax Collector of the City of Tampa thereafter duly made from the assessment roll a separate copy of the assessment on the said premises, showing said assessment as the same appears on the tax roll of the City of Tampa, duly certified by him to be a correct copy being thereto annexed and made a part of the bill of complaint as Exhibit A; that said Tax Collector duly delivered the same to the City Attorney for collection, said certificate being No. A. 747, for the sum of $1095.48; that none of the taxes mentioned had been paid, and that the city had a lien on the premises for the amount of taxes due and represented by the certificate, together with interest, costs and attorney's fees, superior to all other liens except State and County Taxes; that the defendant Trust Company of Florida, were the owners or had some interest in the premises described, the nature of which was not particularly known; that said tax lien should be foreclosed and the property sold to satisfy the tax lien.

General and special demurrers to the bill were overruled and defendant Trust Company of Florida appeals.

There was equity in the bill. The bill showed the making of an assessment for taxes and alleged that the taxes assessed were unpaid, on the property described, which was sufficient, especially when there was attached to the bill, and made a part of it, a certified copy of the assessment roll which showed an assessment of the property as follows:

"Book A.No. _____ 747

ASSESSMENT ROLL, CITY OF TAMPA, FLORIDA, FOR THE YEAR 1929.

FOLIO 171 _____ LINE 25 _____ MILLAGE 18

| Name of Owner | Description of Real Estate | | | Value of Lot | Value of Improvements | Total Value Property | Total Amount of Taxes |
| | Lot | Block | Subdivision | | | | |
|---|---|---|---|---|---|---|---|
| Marion Mtg. Co. Inc. | C | 16 | Less E154 ft. Packwood's Sub. of S½ of Gov. Lot 5. | 19360 | 41500 | 60860 | 1095.48 |

Substantial Copy Exhibit A

STATE OF FLORIDA, COUNTY OF HILLSBOROUGH.

I, T. C. Keller, Tax Collector for the City of Tampa, do hereby certify that the foregoing transcript of the record of the City Tax Assessment Roll of the City of Tampa is a true and correct copy from the Tax Assessment Roll of the City of Tampa for the year 1929, of the assessment upon the real estate herein described, lying and being situated in the City of Tampa, County of Hillsborough, State of Florida.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this the 10th day of March, A. D. 1930.

T. C. KELLER,
Collector of Taxes for the City of Tampa."

A pleading in equity to enforce a tax assessment is only required to allege ultimate facts which will warrant the relief sought. Parker v. Jacksonville, 37 Fla. 342, 20

So. 538; Miami v. Miami etc. Realty Co., 57 Fla. 366, 49 So. 55. In this case the relief sought is the direct enforcement of the tax which is alleged to have been unpaid when the suit was filed.

The copy of the assessment roll which was attached to and made a part of the bill of complaint shows a sufficient description of the property and a sufficient compliance with the law governing the preparation of the assessment roll to have warranted the Tax Collector in collecting the tax and in issuing his receipt for the money represented thereby which would have discharged the city's tax lien so as to bar a subsequent reassessment of the property for the same taxes for the same year.

Therefore what was sufficient for the purpose of collection by the Collector was sufficient to sustain the enforcement of the collection in an equity suit brought by the city directly against the property on which the tax had not been paid. This is so because the statute specifically authorizes all taxes which have been "assessed" to be enforced in equity by foreclosure. See Section 55 Chapter 5859, Acts of 1907.

But it is contended that the *description* of the assessed property is insufficient to sustain the assessment or the foreclosure.

Whatever may be the rule otherwise in cases involving the validity of tax deeds and the like which *ex propria vigore* convey title as the result of administrative procedure by administrative officers, it is certain that in a proceeding brought directly by the taxing authority against taxable land of a particular description, which is alleged to have been assessed by the particular description sued on, that it constitutes no defense under which a claimant of the property so described in a foreclosure suit, may defeat the foreclosure which is asked against the property only *as described* on the tax roll. Even if the description is defective or indefinite as to the land, pro-

vided the taxes have not been paid on it, or it was not exempt from taxation under the constitution or the statutes, this would not be a defense to the foreclosure, although it might affect the title conferred by it under a master's deed containing an insufficient description.

Here the object of the city's suit is to collect an unpaid tax appearing on its tax roll. The description of one piece of property appearing on the tax roll may be aided and supplemented by other data appearing on the same roll, or by the relationship arrangement of the description with reference to other descriptions preceding and following it or by the county records. Whatever indefiniteness or uncertainty may appear now by considering this assessment, and this assessment alone, will become immaterial if the decree foreclosing the tax is entered and is paid.

So the description complained of, not appearing to be illegal but merely alleged to be incomplete or indefinite, is not available as a ground of demurrer going to the equity of the bill because the equity of the bill is found in the asserted lien for an unpaid tax alleged to have been assessed on the property so described, even if the description is indefinite or not wholly as certain as it might have been made.

Appropriate defenses going to the enforceability of the tax arising out of the manner in which the tax proceedings have been carried out by the tax officers should be asserted by answer, the presumption being that the tax and accompanying assessment appearing on the tax roll were properly arrived at by due course of law and procedure and that the description of the property appearing on the roll is sufficient to enable a surveyor to locate the land assessed with the aid of the information furnished by the whole tax roll in connection with the other county records.

Decree overruling demurrers affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BROWN, J., concurring:—It seems to me that the description was sufficient to identify the property. The certified copy of that part of the assessment roll of the "City of Tampa" indicates prima facie that "Packwood's Sub. of S½ of Gov. Lot 5" was situated in the City of Tampa, and that Lot C of Block 16 less the East 154 ft. of said Subdivision was capable of being located and identified. If there was no such subdivision in the City of Tampa, or no Lot C. of Block 16 in such subdivision this would be defensive matters to be set up by answer. As I understand it, all the statutes and the City Charter require is that the assessment roll shall show such a description as will make it possible for a surveyor to identify the property with reasonable accuracy.