INTER-CITY SECURITY COMPANY, a corporation, et al., *Appellants,* vs. E. L. BARBEE, *Appellee.*

143 So. 791.

Division B.

Decision filed September 14, 1932.

Petition for rehearing denied October 20, 1932.

*W. M. Bostwick, Jr.,* and *Axtell & Rinehart,* for Appellants;

*Clifford T. Inglis,* for Appellee.

PER CURIAM.—This cause having heretofore been sub-

mitted to the Court upon the transcript of the record of the order herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises; it seems to the Court that there is no error in the said order; it is, therefore, considered, ordered and decreed by the Court that the said order of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

---

UPON PETITION FOR A REHEARING.

PER CURIAM.—By order entered September 14, 1932, the decree appealed from in this case was affirmed by Division B of this Court without opinion. A reconsideration of the case convinces us that a petition for rehearing which has been applied for, should be denied for the reasons hereinafter stated.

All that the tax laws require is that an assessment roll shall show such description of the taxed property as will make it possible for a surveyor, with the aid of the whole tax roll and the information conveyed thereby, to identify the property with reasonable accuracy. Trust Company of Florida vs. City of Tampa, 103 Fla. 628, 138 Sou. Rep. 73. Considered in connection with the evidence in this case, there is ample basis for the Chancellor's finding under this rule to the effect that the descriptions involved in the instant case were not void for uncertainty, or so insufficient as to preclude foreclosure of the tax certificates based on the assessments containing such descriptions.

The claim for the statutory attorney's fee provided for by Section 18 of Chapter 14572, Acts 1929 (Sec. 1003-6 Comp. Gen. Laws 1932 Supp.), was also properly allowed because such attorney's fees are in the nature of an ad-

ditional statutory penalty imposed for non-payment of the tax, and is allowed as part of the costs in enforcing the collection. In seeking a *statutory* attorney's fee permitted to be recovered as part of the costs of foreclosing a delinquent tax certificate under Chapter 14572, Acts 1929, an allegation that the fee is claimed and a prayer for its allowance in the event of foreclosure, with proofs to support the basis for the allowance and the reasonableness of what is claimed, is sufficient to warrant a decree allowing the statutory fee as an incident to a decree of foreclosure. There is nothing in Brett vs. First Nat. Bank, 97 Fla. 284, 120 So. 554, and kindred cases which conflicts with the foregoing rule. Here the attorney's fee is a part of a permitted statutory recovery.

The petition for a rehearing must be denied and it is so ordered.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.