F. B. PALBICKE v. T. TAKAMI, *et ux.*

151 So. 287.
Division B.
Opinion Filed November 10, 1933.
Rehearing Denied December 5, 1933.

*Walter F. Rogers* and *William T. Rogers,* for Appellant; *Charles A. Powers,* for Appellee.

BUFORD, J.—This cause is before us on appeal from an order dismissing bill of complaint in a suit which was instituted to foreclose a tax deed. The bill of complaint was filed on December 21, 1931. It alleges that the tax deed was issued on December 15, 1926. There is no allegation in the bill of complaint sufficient to show that the tax deed was a valid instrument at the time of the institution of the suit and this question was raised by demurrer.

Section 794, R. G. S., 1020, C. G. L., provides as follows:

"When the holder of a tax deed goes into actual possession, occupancy and use of the land embraced in such tax deed, and so continues for a period of four years, no suit for the recovery of the possession thereof shall be brought by a former owner or other adverse claimant, unless such suit be commenced within, or prior to, the said period of four years after the holder under such tax deed has entered into the actual possession, occupancy and use of the land embraced in said tax deed; and the holder of such tax deed where the said real estate is in adverse actual possession, occupancy and use of any person, shall not be entitled to recover possession of such real estate under such tax deed, unless suit for such recovery shall be brought within four years from the date of such tax deed; Provided, however, that infants, persons of unsound mind or under guardianship, or imprisonment may commence suit or proceedings

under this law within three years after the recovery or discontinuance of such disability."

"Any holder of a tax deed or of a tax certificate shall have a lien thereunder for the amount paid therefor upon the land described therein and such lien may be enforced and foreclosure by suit in equity as provided by law for the enforcement of statutory liens."

Prior to the enactment of Chapter 12409, Acts of 1927, the holder of a tax deed was required to bring a suit to recover possession of the land embraced in the deed when the actual possession and occupancy of any other person within one year from the date of acquiring the right to the tax title.

Under the statutes as we find them now, if the holder of a tax deed goes into actual possession of lands and uses such lands embraced in such tax deeds continuously for a period of four years, all claims of prior owners or persons claiming under prior owners are conclusively barred. Where lands embraced in a tax deed are in the actual adverse possession and occupancy and use of some other person, the holder of the tax deed is not entitled to recover possession of such real estate under such tax deed, unless suit for such recovery shall be brought within four years from the date of the tax deed. (Other provisions apply to infants, persons of unsound mind or under guardianship or imprisonment.)

If the lands embraced in a tax deed are unimproved and unoccupied, the above statutes do not apply and in cases of that kind we must look to other statutes of limitation to determine when suits may be brought by either party.

The allegations of the bill of complaint show that the tax deed was issued more than four years prior to the institution of the suit. If during that four years the land embraced

in the tax deed was in the possession and occupancy of one not the holder of the tax deed, the rights of the tax deed holder would have expired at the end of the four years period and could not be revived by a suit in the nature of foreclosure. To hold otherwise would be to contravene vested rights when accrued to the party in possession.

The allegations of the bill having shown the above mentioned factual condition, it was then necessary for the bill to further show that such facts existed as would not bring the deed within the purview of the statute limiting the time in which the holder of the tax deed could maintain suit against another in possession. Without this the bill of complaint failed to allege sufficient facts to show the tax deed holder to be entitled to maintain the suit.

It is contended here that the statute under which this suit is brought, being Chapter 14572, Acts of 1929, is unconstitutional in its application to tax deeds issued prior to the passage of the Act. We concede that the contention is well taken in so far as it applies to the tax deeds which were at the time of the passage of the Act more than four years old and embraced lands which had during that period of time been in the adverse possession of another, for the reasons hereinabove stated. However, as to tax deeds more than four years old and which embraced wild and unimproved lands in the possession of no one, no vested rights would be involved, and the statute last above referred to would merely provide a remedy and not an additional right.

As to tax deeds affected by the provisions of Section 794, R. G. S., 1020, C. G. L., no vested rights would accrue which would make the provisions of Chapter 14572, *supra,* inoperative until such tax deeds had become four years old. It may be that as to tax deeds issued after the passage of

the Act (Chapter 14572) the limitations contained in Section 794, R. G. S., 1020, C. G. L., would not be applicable in a case where suit is brought to foreclose a lien as distinguished from a suit to recover possession of property.

It was also contended that the description contained in the deed as follows: "Lot three (3) [except R. of W.] Block Thirteen (13) Pablo Beach North" is void for uncertainty. There is no showing in the record as to what the letters in parenthesis, "Ex. R. of W.," mean and, as the description is a perfect description without these letters in parenthesis, we can not say that the description is void for uncertainty. It is ambiguous only and the ambiguity may be cured either by reference to proper records or by the showing of an existing physical condition. It might be shown that these letters in parenthesis refer to a right of way that exists on the ground. If, as a matter of fact, there is a right of way located on the ground, its location may be definitely determined and the deed be held not to include such right of way. The description is loosely drawn but, we think, not fatally defective.

For the reasons hereinabove stated, the order appealed from should be affirmed without prejudice to the complainant to amend his bill of complaint, if the facts justify his doing so, in such manner as to show that his rights under the tax deed had not lapsed and become void at the time of the institution of the suit.

It is so ordered.

Affirmed and remanded with directions.

Davis, C. J., and Whitfield and Terrell, J. J., concur.

Ellis and Brown, J. J., dissent.

Ellis and Brown, J. J. (dissenting).—In our opinion, the description in the tax deed is so vague and uncertain as to make it a nullity.