Vera Cash, *et vir,* v. Drake Lumber Co.

163 So. 222.

Opinion Filed September 23, 1935.

*Henry Behrens,* for Appellants;

*Lilburn R. Railey,* for Appellee, Drake Lumber Company.

Per Curiam.—The appeal here is from an order dismissing a second amended bill of complaint.

The bill of complaint was for the purpose of foreclosing a certain tax sale certificate. The said second amended bill of complaint describes the property of which foreclosure is sought as follows:

"Begin at the S. E. cor. of SW¼ of SW¼ n 832.1 ft. to E. line of F. E. C. R/W., Thence W. 42 Degrees, 30 minutes, W along E line of R/W 746.9 ft., S 47 degrees and 30 minutes, E 115 ft., Thence S 42 degrees 30 minutes, W 50 ft., S 47 degrees 30 minutes, E 246.6 ft. to S line of section, E along section line 267.3 ft., to P. O. B. (less, begin

on S line of F. E. C. R/W and 25 ft. W of E line of S. W. ¼ of S W ¼, thence SW 144.8 ft., SE 131.2 ft., N. 195 ft. to P. O. B.) of section 23, Township 56 South, Range 39 East, of Dade County, Florida, as recorded in the Public Records of Dade County, Florida, for the year of 1929 and evidenced by tax sale certificate No. 7538."

Copy of the tax sale certificate was attached to the second amended bill of complaint and described the lands as follows:

"DESCRIPTION OF LAND        Sec.   T.   R.    Acres
                                      S.   E.

"Begin at SE cor of SW¼ of SW¼, N 832.1 ft. to E line of FEC R/Y thence S 42° 30' W along E line of R/Y 746.9 ft. S 47° 30', E 115 ft., thence S. 42° 30', W. 50 ft., S 47° 50', E 246.6 ft. to S line of Sec. E along Sec. line 267.3 ft. to POB (less begin on S line of FECRW and 25 ft. W of E line of SW ¼ of SW¼, thence SW 144.8 ft. SE 131.2 ft., N. 195 ft. to POB)        23    56    39

"In the County of Dade, State of Florida. Assessed value $320."

The real question presented for our determination is whether or not the tax sale certificate contained such a description of land as to constitute a basis for foreclosure of the lien created by the sale of the lands for non-payment of taxes and the issuance of a tax sale certificate thereon.

No useful purpose can be served by repeating the statements of the legal principles controlling in such cases which are found in the opinions heretofore published in the cases of Trust Co. of Florida, et al, v. City of Tampa, 103 Fla. 628, 138 Sou. 73; Inter-City Security Co., et al., v. Barber, 106 Fla. 671, 143 Sou. 791 and Palbicke v. Takami, 112 Fla. 629, 151 Sou. 287.

On authority of those opinions and judgments and authorities therein cited, the order appealed from should be reversed with directions that the cause be reinstated on the docket and further proceedings be had in accordance with law and the rules of practice.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.