J. A. B. BROADWATER, J. A. B. BROADWATER, as Receiver, B. L. M. REALTY CORPORATION, a corporation, and A. A. O'HALLORAN, v. CITY OF TAMPASHORES.

170 So. 657.

Division B.

Opinion Filed November 9, 1936.

*Jones & White,* for Appellants;
*Kelly & Casler,* for Appellee.

BUFORD, J.—This appeal brings for review order over-ruling motion to dismiss bill of complaint under the provisions of Chapter 15038, Acts of 1931.

The bill of complaint was entitled City of Tampashores, plaintiff, v. Certain Lands Upon Which Taxes are Delinquent, defendants. The first paragraph of the bill is:

"Comes now the complainant, City of Tampashores, a municipal corporation, and brings this its bill of complaint against the defendants, Certain Lands Upon Which Taxes are Delinquent, and complaining says:"

The bill alleged:

"That due to the failure of the defendants to pay said taxes it has become necessary for complainant to bring this suit, and, under the laws of the State of Florida, said property has become liable and is liable for the costs of such suit, including a reasonable attorney's fee for complainant's solicitors to whom complainant has become obligated and liable for services rendered in and about the prosecution of this suit, which said costs are fixed by law as of equal dignity as a lien against said property with the liens of said taxes; that the liens of said taxes are prior in dignity to all other liens or encumbrances of whatsoever nature or kind against said property, save and except the liens of the state and county for taxes, which are of equal dignity with the tax liens of the complainant; that more than two years has elapsed since the date that the

first tax certificate was issued in 1929 for taxes for the year 1927; that the complainant alleges that the taxes against the above described property levied, as aforesaid were not paid for the years hereinbefore set forth, and have not been paid to the date of the filing of this bill.

"16. Complainant would show that certain parties, to whom notices have been sent prior to the filing of this bill, as will be hereafter shown, have, or claim to have some interest in the foregoing described tracts of land by virtue of various deeds, mortgages, contracts, etc., recorded in the public records of Pinellas County, Florida, but that the right, title and interest of said parties is subject, subordinate and inferior to the various liens aforesaid of the complainant.

"17. That the complainant, after the making of diligent search and inquiry to ascertain any and all parties, except judgment creditors, interested in any or all of the above described property, and after having secured a title search by the Pinellas County Title Company purporting to show the names of all parties interested in said property, which complainant believes to include the names of all parties in anywise interested in any and all of said above described property, either by virtue of title, ownership, liens, mortgages or other record claim or interest did, more than thirty days prior to the institution of this suit, mail by registered United States mail, a written notice of its intention to file this suit to the aforesaid parties at their last known respective addresses. Complainant would further show that a certificate as to the mailing of the aforesaid notices is hereto attached marked complainant's Exhibit 'A' and made a part of this bill as if fully incorporated herein."

The notice of suit referred to in the bill of complaint is

shown to have been addressed to the following named persons, at the addresses given, to-wit:

| NAME | ADDRESS |
|------|---------|
| Mr. J. A. B. Broadwater | 442 West Lafayette St., Tampa, Fla. |
| Mr. J. A. B. Broadwater, as Receiver | 442 West Lafayette St., Tampa, Fla. |
| B. L. M. Realty Co. | C/o J. A. B. Broadwater 442 West Lafayette St., Tampa, Fla. |
| Mr. J. W. Bryan | 4125 San Juan St., Tampa, Fla. |
| Duncan Holding Corp. of Delaware | 1921 Dover Green, Dover, Delaware. |
| Mr. Thos. C. Gould | Tampashores, Fla. |
| Mr. Theodore Krumm | Tampashores, Fla. |
| Mr. A. A. O'Halloran | 1315 Central National Bank Bldg., St. Louis, Missouri. |
| Mr. Ernest Santos | 1502½ E. Broadway Ave., Tampa, Fla. |
| Mrs. Marion R. Stauffer | R. F. D. "Maple Beach" Bristol, Pennsylvania. |
| Mrs. Marion R. Stauffer, Trustee | R. F. D. "Maple Beach" Bristol, Pennsylvania. |
| Mr. and Mrs. Joseph A. Haslinger, | Tampashores, Fla. |
| Mr. M. S. Thompson | Box 187, Tampashores, Fla. |
| Mr. and Mrs. W. W. Vanderbilt | Route 3, Grand Lodge, Michigan. |

(The record shows that "a copy of the notices sent to each of the foregoing is attached hereto and made a part of this certificate as fully as if set forth herein.")

Section 5 of the Act provides, in part, as follows:

"Each and every person and/or corporation interested in or having any lien upon any parcel of land described in the bill of complaint shall be deemed a party to said cause and may appear and defend said cause within the time specified in such notice."

The appellants here appeared and defended the suit. The record shows that their appearance was entered on the same date that the Clerk purported to enter a decree *pro confesso* against the lands. As the parties appeared at the time when they were required to appear the entry of decree *pro confesso* against the land by the Clerk was without authority of law and there was no error in the Chancellor's action in disregarding such decree *pro confesso*.

The question presented for our determination is whether or not the motion to dismiss should have been granted on the ground that the tax certificates did not describe the land attempted to be assessed with such certainty as to constitute a valid description.

The tax certificate No. 4969 is in the following language:

"City of Tampashores
"County of Pinellas No. 4969
"State of Florida OFFICE OF CITY TAX COLLECTOR

"I, G. W. Bishop, City Tax Collector of the City of Tampashores, County of Pinellas and State of Florida, do hereby certify that I did, at public auction, pursuant to notice given by the law as required, on this_____day of Sep. 5, 1932, A. D. 19......, sell to CITY OF TAMPASHORES the lands herein described for the sum of Seven Dollars and 95 Cents, said sum being the amount due and unpaid for taxes, costs and charges, on the described lands for the year of our Lord, 1931; that CITY OF TAMPASHORES or____

assigns, will therefore, be entitled to a deed of conveyance of such lands, in accordance with law, unless the same shall be redeemed within two years by payment of said amount, with interest at the rate of twenty-five per cent. per annum 1st year and eight per cent. per year thereafter. Said lands·are described as follows, to-wit: L 1, Blk 1, Bus. Sec. in the City of Tampashores, County of Pinellas and State of Florida.

"WITNESS my hand at Tampashores, Florida, this_____ day of Sep. 5, 1932, A. D. 19._____.

"G. W. BISHOP,

"(Plaintiff's Exhibit No. 1) *City Tax Collector."*

The other tax certificates contain like descriptions except that the numbers of the various lots are, of course, different. The question is whether or not the description "L 1 Blk 1 Bus Sec. in the City of Tampashores, County of Pinellas and State of Florida" is so vague, indefinite and uncertain as to constitute no legal basis for assessment. The description is one which may be capable of being explained and made certain by following the rule enunciated by this Court in the case of Crawford v. Rehwinkle, 121 Fla. 449, 163 Sou. 851.

It is unnecessary for us to go beyond our own jurisdiction for authority to hold that the description here used is not void but may be made certain. In Trust Company of Florida, as Trustee, *et al.,* v. City of Tampa, 103 Fla. 628, 138 Sou. 73, we said:

"In a suit in equity to foreclose a tax lien, against a delinquent taxpayer, Held: That the description of one piece of property appearing on the tax roll may be aided and supplemented by other data appearing on the same roll, or by·the relationship, arrangement of the description with

·reference to other descriptions preceding and following it, or by the county records; and that even if the assessment as sued on is defective or indefinite in description as to the land, provided the taxes have not been paid on it, where it was not exempt from taxation under the Constitution or the statutes, the alleged deficient description would not be a defense to the foreclosure, although it might affect the title conferred by the foreclosure, if carried out under an insufficient description."

In that case the description of the land was, "Lot C, Block 16, less the East 154 ft. Packwood's sub. of South Half (S½) of Gov. Lot 5." and as to that description we said:

"The copy of the assessment roll which was attached to and made a part of the bill of complaint shows a sufficient description of the property and a sufficient compliance with the law governing the preparation of the assessment roll to have warranted the Tax Collector in collecting the tax and in issuing his receipt for the money represented thereby which would have discharged the City's tax lien so as to bar a subsequent reassessment of the property for the same taxes for the same year.

"Therefore what was sufficient for the purpose of collection by the Collector was sufficient to sustain the enforcement of the collection in an equity suit brought by the city directly against the property on which the tax had not been paid. This is so because the statute specifically authorizes all taxes which have been 'assessed' to be enforced in equity by foreclosure. See Section 55, Chapter 5589, Acts of 1907.

"But it is contended that the *description* of the 'assessed' property is insufficient to sustain the assessment or the foreclosure.

"Whatever may be the rule otherwise in cases involving the validity of tax deeds and the like which *ex propria vigore* convey title as the result of administrative procedure by administrative officers, it is certain that in a proceeding brought directly by the taxing authority against taxable land of a particular description, which is alleged to have been assessed by the particular description sued on, that it constitutes no defense under which a claimant of the property so described in a foreclosure suit, may defeat the foreclosure which is asked against the property only *as described* on the tax roll. Even if the description is defective or indefinite as to the land, provided the taxes have not been paid on it, or it was not exempt from taxation under the Constitution or the statutes, this would not be a defense to the foreclosure, although it might affect the title conferred by it under a master's deed containing an insufficient description."

We held that the description complained of was not available as a ground for demurrer going to the equity of the bill. The motion to dismiss under our present practice performs the office which the demurrer performed at that time.

The enunciation in the case last above mentioned has been adhered to in the case of Cash, *et al.*, v. Drake Lumber Co., 121 Fla. 1, 163 Sou. 222; Inter City Security Co. v. Barbee, 106 Fla. 671, 143 Sou. 791; Palbicke v. Takamin, 112 Fla. 629, 151 Sou. 287; Day v. Denesh, 104 Fla. 58, 139 Sou. 448.

No useful purpose can be served by saying more than what has been said in these cases and especially in the case of Trust Company of Florida, *et al.*, v. City of Tampa, *supra.*

On authority of opinions and judgments in the cases above referred to, and authorities there cited, the order appealed from should be affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.