J. T. G. CRAWFORD, et al., v. C. L. REHWINKEL.

174 So. 455.

Opinion Filed February 4, 1937.

Rehearing Denied April 12, 1937.

*Crawford & May,* for Appellants;

*A. L. Porter, B. K. Roberts* and *H. H. Wells,* for Appellees.

PER CURIAM.—This case has heretofore been before this Court upon an appeal by appellants from an order denying a motion to dismiss the original bill of complaint, as then amended. The order was reversed and the cause remanded for appropriate proceedings. Crawford, *et al.,* v. Rehwinkel, 121 Fla. 449, 163 So. 851. Subsequently appellee was permitted to further amend his bill. The bill was brought to foreclose tax sale certificates held by the appellee. A motion to dismiss the bill as further amended was denied and the present appeal is from that order. This proceeding is not to enforce the payment of taxes but to acquire an indefeasible title to the property assessed and sold under a description that does not comply with the mandates of the statute.

On the first appeal it was held that the bill was insufficient to show an assessment that would justify a foreclosure of the tax sale certificates in that the assessment did not conform to the requirements of the statute in describing the

land surveyed only by a private survey, that is assessed and sold for non-payment of State and county taxes as shown in this case.

The statute provides:

"When private surveys of land or descriptions by metes and bounds have taken the place of government surveys, and the land is known, designated and described only by such private surveys or metes and bounds, the description in the assessment shall be made in accordance with such surveys or descriptions as recorded in the office of the Clerk of the Circuit Court, or by reference to deed of record, giving the book and page as appears in the office of the Clerk of the Circuit Court, and when Spanish grants or donations exist in any county in this State, which have not been surveyed and platted or which plats are not recorded in the office of the Clerk of the Circuit Court, the County Assessor of Taxes for such county shall assess the several tracts of land owned in such grants not platted as above describing the same by reference to deed of record, giving the book and page of record as appears in the office of the Clerk of the Circuit Court, and if the deed conveying such tracts is not recorded upon its production to the County Assessor of Taxes, he may describe the lands as being that tract, lot, piece, or parcel described in a deed executed by the grantor (naming him) to the grantee (naming him), bearing date (giving date shown by deed), and such description shall be valid and sufficient for all purposes of the assessment." Sec. 920 (718) C. G. L. (Ch. 4322, Acts 1895, Sec. 21; Ch. 5596, Acts 1907, Sec. 19).

The descriptions of the land in the tax sale certificates are as follows:

"TAX SALE CERTIFICATE No. 62 * * *

| Description of Land | Sec. | T.<br>S. | R.<br>W. | Acres |
|---|---|---|---|---|
| All of lots 50-51 & S½ of<br>  52 of .......................... | H. | S. | | 900 |

in the County of Wakulla, State of Florida.   * * *."

"TAX SALE CERTIFICATE No. 70.

| Description of Land | Sec. | T.<br>S. | R.<br>W. | Acres |
|---|---|---|---|---|
| S½ of Lot 61 and all of Lots<br>  62, 63, & 64 of ................. | H. | S. | | 1260 |

in the County of Wakulla, State of Florida.   * * *."

The court used these words in the first appeal:

"The assessment in this case was apparently made according to a private survey; but it does not appear that the survey was recorded in the office of the clerk of the circuit court, and no reference was made in the bill of complaint to any record thereof; nor was it alleged that the assessment roll contained a reference to *any deed* of record, conveying said land, appearing of record in the office of the clerk of the circuit court." Crawford v. Rehwinkel, 121 Fla. 49, T. 454, 63 So. 851.

The amended bill of complaint here considered does not allege that the private survey known as "Hartsfield Survey of Lands in Forbes Purchase in Wakulla County, Florida," was recorded in the office of the clerk of the circuit court of that county; *nor* is there any allegation as to *any* deed of conveyance on record, or any other record in the office of the clerk of the circuit court in Wakulla County to which reference could have been made as to the existence of a

Hartsfield Survey in assessing the land for taxation in Wakulla County.

The amended bill of complaint considered on this appeal contains the following:

### "A.

"That said land described in said tax sale certificates, copies of which are attached to the amended bill of complaint herein, lies in Hartsfield Survey of lands in Wakulla County, Florida. That said lands are a part of the Forbes Purchase and that said Hartsfield Survey is a private survey made by Asa Hartsfield and William Hopkins in the year 1808 or 1838, for the Apalachicola Land Company, which was then the owner of said land. That said Hartsfield Survey has become recognized by the government survey because there was omitted such pre-existing surveyed lands from the government survey of adjacent lands. That said survey has been recognized by the general public and by conveyances in general for approximately one hundred years, because of the absence of any regular government survey of townships, sections, etc., covering the land described in the tax sale certificates herein sought to be foreclosed. That said lands were assessed by the Tax Assessor of Wakulla County, Florida, according to and in conformity with said private survey as aforesaid and have been so assessed by the various Tax Assessors of said county until the memory of man runneth not to the contrary.

"That a photostat copy of said Hartsfield Survey in the Forbes Purchase in Wakulla County, Florida, certified by the Commissioner of Agriculture of the State of Florida, the legal custodian of the records of deeds, maps and papers pertaining to the public lands of said State is hereto attached as 'Exhibit 1' of this amendment to amended bill

of complaint and prayed to be taken as a part hereof by reference.

"B.

"Reference to the certified copies of the tax sale certificates herein sought to be foreclosed will show that the lands covered by said tax sale certificates are assessed in lots instead of in sections and that the abbreviations 'H. S.' were used by the Tax Assessor of Wakulla County, Florida, in making assessment of said lands, and by the Tax Collector in selling said lands for the non-payment of such taxes. Your orator would further represent unto the court that the letters 'H. S.,' as used in such assessment by the tax officials of said county in issuing such tax sale certificates, were used as abbreviations of Hartsfield Survey. That the definite and commonly understood meaning of the abbreviations 'H. S.,' when used in relation to land in Wakulla County, Florida, is Hartsfield Survey. Your orator would further represent unto the Court that said abbreviations have been used by conveyances of land in said Hartsfield Survey and by the various tax officials of said county for a great number of years in making deeds, mortgages, leases and tax books, and said abbreviations are generally understood by the public at large. Your orator would further represent unto the Court that said Hartsfield Survey of lands in Wakulla County, Florida, is surveyed out in lots of 360 acres each, and not in regluar sections as used in the government surveys, and that there are no township or range lines in said Hartsfield Survey, which said survey contains approximately 50,000 acres of land.

"Your orator would further represent unto the court that by long, constant and continuous usage by the general public in Wakulla County, Florida, the letters 'H. S.' in any connection whatsoever with real estate or real estate trans-

actions have come to definitely and commonly mean Harts-
field Survey; that such interpretation is generally under-
stood and recognized by the public at large, and your orator
is advised and believes and, therefore, alleges that the let-
ters 'H. S.' in Wakulla County, Florida, in connection with
any real estate transaction, have no other general or prac-
tical meaning than Hartsfield Survey, and by virtue of said
continued interpretation and long established usage of these
terms by the land owners in Wakulla County, Florida, that
the defendants knew, or by the exercise of reasonable dili-
gence should have known, that the assessment and tax sale
upon which said tax sale certificates were predicated had no
other meaning than Hartsfield Survey and; therefore, had
notice of the assessment, sale and subsequent issuance of
the tax sale certificates herein sought to be foreclosed."

Exhibit 1 referred to is a copy of a record in the State
Land Office, and it does not show that it was ever recorded
in Wakulla County, Florida. The letters "H. S." used in
the assessment description under "Sec." and "T." are not
shown by reference to *any record* in the county to refer to
"Hartsfield Survey" of land in "Forbes Purchase" in Wa-
kulla County, Florida.

In Trust Company of Florida v. City of Tampa, 103 Fla.
628, text 631, 138 So. 73, it is stated:

"Whatever may be the rule otherwise in cases involving
the validity of tax deeds and the like, which, *ex proprio
vigore,* convey title as the result of administrative procedure
by administrative officers, it is certain that, in a proceeding
brought directly by the taxing authority against taxable
land of a particular description, which is alleged to have
been assessed by the particular description sued on, that it
constitutes no defense under which a claimant of the prop-
erty so described in a foreclosure suit may defeat the fore-

closure which is asked against the property only *as described* on the tax roll. Even if the description is defective or indefinite as to the land, provided the taxes have not been paid on it, or it was not exempt from taxation under the Constitution or the statutes, this would not be a defense to the foreclosure, although it might affect the title conferred by it under a master's deed containing an insufficient description. * * *

"Appropriate defenses going to the enforceability of the tax arising out of the manner in which the tax proceedings have been carried out by the tax officers should be asserted by answer, the presumption being that the tax and accompanying assessment appearing on the tax roll were properly arrived at by due course of law and procedure, and that the description of the property appearing on the roll is sufficient to enable a surveyor to locate the land assessed with the aid of the information furnished by the whole tax roll in connection with the other county records." See Inter-Security Co. v. Barbee, 106 Fla. 671, 143 So. 791; Fla. East Coast Fruit Land Co. v. Mitchell, 80 Fla. 291, 85 So. 661.

Where descriptions of property assessed for taxation are merely irregular and not illegal, the above is the rule; but such rule may not be followed when the description in a tax assessment of land is so defective as to amount to a denial of due process of law when the land is sold for non-payment of taxes. The allegations as to the assessment in this case wholly fail to show a compliance with the statute in making the assessments. There is no allegation of the record in Wakulla County of a plat of the Hartsfield Survey in Forbes Purchase, *or of any other record* referring to Hartsfield Survey of land in in Forbes Purchase in Wakulla County, Florida. Any recorded deed of conveyance of land

describing land as being in Hartsfield Survey, Wakulla County, Florida, would be a record reference to the survey.

The appellee does allege that the particular descriptions have reference to Hartsfield Survey of Forbes Purchase in Wakulla County, Florida, and have been used generally in conveyance of land in Wakulla County; but there *is no allegation of any record* in Wakulla County that refers to a Hartsfield Survey, to support the method of describing the real property that is claimed to be covered by the assessments and tax sale certificates, considered in this case. See Dixon v. City of Cocoa, 106 Fla. 855, 143 So. 748. Under the general allegations of the bill of complaint it might be permissible to admit proofs of a record of conveyances of land in Wakulla County in which the letters, H. S., are shown to refer to an actual survey of lands in the county known as Hartsfield Survey; but the legal sufficiency of the description of the land as assessed, is challenged, and the bill of complaint should refer to a record in the county showing that H. S., as used, means Hartsfield Survey of land in Wakulla County, Florida.

### "FORBES PURCHASE.

"The lands that constitute the immense area known as 'Forbes Purchase' are, except the islands, situated in a more or less compact body, all being in the present counties of Franklin, Liberty, Gadsden, Leon and Wakulla, in Florida.

"Prior to the cession in 1819 of the Floridas to the United States by Spain, trading companies known as Panton, Leslie & Company and their successors, John Forbes & Company, by permission of the Spanish Crown, did an extensive mercantile business among the Indians in East and West Florida, the dividing line between the Floridas being the Apalachicola river. In consideration of large indebtedness to these mercantile companies and many depredations upon

their property, 'The Indians' * * * ceded to the companies at different times large tracts of lands 'occupied by said Indians.' The cessions of these lands, including islands, were confirmed by the Spanish authorities and were referred to as 'lands and islands' 'contained within stated limits.'

"Speaking generally, the 'lands and islands'. composing the several Indian-Spanish grants or cessions included in 'Forbes Purchase' are:

"1. Grant to Panton, Leslie & Company, confirmed by Spanish authority in 1804 and 1806.

"2. Grant to John Forbes & Company, confirmed by Spanish authority in 1811.

"3. Grant of an island in the Apalachicola river to John Forbes, confirmed by Spanish authority in 1811. This island is in Franklin County, Florida.

"For descriptions of the grants, see Apalachicola Land & Dev. Co. v. McRae, 86 Fla. 393, text 398, 98 So. 505, 5 Am. State Papers, p. 329.

"The grants were held to be valid under the Treaty of Cession dated February 22, 1819 (Mitchell v. United States, 9 Peters [U. S.] 711; United States v. Mitchell, 15 Peters 52)." Vol. 5, Compiled General Laws, p. 4791, single vol. C. G. L., p. 47.

Reversed.

ELLIS, C. J., and WHITFIELD, TERRELL, and BROWN, J. J., concur.

BUFORD and DAVIS, J. J., dissent.

BUFORD, J. (dissenting).—It seems to be clear from the record in this case that the capital letters, "H. S.," as used in the description have been sufficiently identified by the pleadings to be taken to mean "Hartsfield's Survey" in Wakulla County. See Broadwater v. Tampa Shores, 126

Fla. 116, 170 Sou. Rep. 657. This being true, it seems to me that if Hartsfield's Survey is sufficient as a reference for conveying land, it is sufficient as a reference for assessing taxes on lands within such survey. Hartsfield's survey covers a large portion of Wakulla County that has never been surveyed by the United States government because it is a part of Forbes Purchase. I think that Hartsfield's Survey is sufficiently notorious to warrant our judicially noticing it. See Osteen v. Wynn, 131 Ga. 209, 62 S. E. 37, 127 A. S. R. 212.

## On Petition for Rehearing.

Per Curiam.—Petition for rehearing herein indicates that counsel for appellee do not fully apprehend the opinion of the court. The prime question is whether the allegations of the bill of complaint seeking a foreclosure of the lien of tax sale certificates are sufficient to show that the description of the lands in making the assessments, as appears by the tax sale certificates, complies with the requirements of the statute regulating assessments for taxation of lands alleged to be a part of "a private survey." The opinion states that: "There is no allegation of the record in Wa-. kulla County of a plat of the Hartsfield Survey in Forbes Purchase, *or of any other record* referring to Hartsfield Survey of land in Forbes Purchase in Wakulla County, Florida. Any recorded deed of conveyance of land describing land as being in Hartsfield Survey, Wakulla County, Florida, would be a record reference to the survey."

It is alleged that H. S. as used means Hartsfield Survey, but there is no reference to any *record* in Wakulla County of conveyances of land described as being in Hartsfield Survey.

The description of the land in making the assessment,

as appears by the tax sale certificates, may be shown to be legally sufficient by appropriate allegations and proofs of essential facts to meet the requirements of the assessment statute; and the opinion herein indicates wherein the allegations of the bill of complaint are insufficient to show the assessment was made in compliance with the assessment statute. Sec. 920 (718) C. G. L.

Rehearing denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, J., concurs in the opinion as an interpretation of Supreme Court's previous decision and opinion in this case, but does not recede from his previous position that decree appealed from should have been affirmed.