D. M. GAUTIER, *et al.,* v. TOWN OF CRESCENT CITY, a Municipal Corporation.

189 So. 842
Division A
Opinion Filed June 13, 1939
Rehearing Denied July 7, 1939

*J. V. Walton,* for Appellants;

*Erskine W. Landis* and *Hull, Landis & Whilehair,* for Appellee.

BUFORD, J.—We review on appeal and cross appeal a decree and supplemental decree in a suit to foreclose tax liens under the provisions of Chapter 15038, Acts of 1931. The decree adjudicated foreclosure of certain liens on described lands and dismissed the bill as to other described lands.

Owners of lands on which liens were foreclosed took

appeal and the Municipality took cross appeal from the decree dismissing the bill as to certain described lands.

Appellant poses two questions, as follows:

"May delinquent taxes, evidenced only by the roll, as distinct from being evidenced by tax certificates, be foreclosed by a Town in a proceeding under Chapter 15038, Acts of 1931, where the charter of the Town has adopted the general law (R. G. S. 765, 1890, 756, 759, 766, C. G. L. 980, 3000, 969, 972, 981) requiring that lands be sold and tax sale certificates issued as the procedure upon delinquency?

"Has the Legislature power to ratify, confirm, validate and legalize a supposed assessment of a municipal tax where there was neither any determination of nor any levy of a tax millage by the governing body of the municipality?"

Cross-appellant poses two questions as follows:

"Does a description of land upon a tax roll have to be sufficiently certain and definite so that from the fact of the description it affirmatively appears that the property is subject to being identified and located?"

"Can a single assessment by a municipal corporation which expressly identifies personal property taxed and real property taxed, be foreclosed as to such real property if by a mere mathematical calculation it can be determined which portion of the tax is applicable to the real property?"

Chapter 15038, *supra,* provides in part:

"Section 1. The lien of any and all taxes, tax certificates and special assessments heretofore or hereafter imposed by any incorporated city or town in the State of Florida upon real estate may be foreclosed by such city or town by suit in chancery. * * *"

"Section 2. Suits for the foreclosure of tax liens and/or special assessments under this Act shall be in the nature of

proceedings *in rem* against the lands upon which said taxes or special assessments are a lien or liens, and it shall not be material that the ownership of said lands be correctly alleged in said proceedings or that parties having an interest or interests in or liens or claims upon said lands be made parties to such proceedings by name or description or be served with process therein, except as hereinafter provided. In any such suit as many lots, parcels or tracts of land, regardless of ownership, and as many tax liens, tax certificates and/or assessment liens may be included in one suit as the complainant may desire. * * *"

"Section 3. Such suits may be brought at any time after any one or more of the following events, respectively: (1) After the expiration of two years from the date of any tax certificate issued and held by a city or town whose charter provides for or requires the issuing of tax certificates for delinquent taxes; (2) after the expiration of two years from the date any tax becomes delinquent which was imposed by a city or town whose charter does not provide for or require the issuing of tax certificates; or (3) after the expiration of one year from the date any special assessment or installment thereof becomes due and payable. There may be included in any such suit all or any part of the lands upon which tax certificates have been outstanding or taxes have remained delinquent or any special assessment or installment thereof shall have been in default for the respective periods aforesaid, and there may be included therein all claims and demands of said city or town against said lands or any part thereof for taxes, tax certificates and/or special assessments or installments thereof which may be due and payable to such city or town at the time of the institution of such suit. * * *"

"Section 5. * * * No tax or tax certificates shall be held invalid except upon proof that the property was not subject

to taxation or that the taxes had been paid previous to any tax sale or prior to the institution of the suit. If any person, firm or corporation shall claim that any tax, tax certificate or assessment is improper or illegal, and seek to contest the same, then such person, firm or corporation at the time of filing an answer resisting the foreclosure of any tax lien, tax certificate or assessment lien shall tender into the registry of the Court such amount as he, they or it claim was properly assessable or for which the property of such person, firm or corporation was properly assessable. * * *"

The Town of Crescent City was incorporated under Chapter 6337, Acts of 1911. Sections 1, 7 and 8 of that Act provide:

"Section 1. That the Town of Crescent City in Putnam County, Florida, be and the same is hereby declared in all respects a legally incorporated town with all the powers and privileges incident thereto under the General Statutes of the State of Florida."

"Sec. 7. That said Town of Crescent City shall have the full power to levy its own tax not to exceed 2 per cent on the assessed valuation of the taxable property within said corporation limits, and make its own assessments upon property situated in said town and for this purpose to fix the valuation of said property by its proper officers without regard to the valuation fixed thereon by the State and County officers charged with the assessment of property for taxation, but said assessment shall not exceed 1/5 of the value of said property, and that the said Town of Crescent City may prescribe by proper ordinances the time for the collection of taxes for said municipality.".

"Section 8. That the assessment upon property and fixing the valuation of same as prescribed in the preceding Section shall be made by a Tax Assessor elected by the

voters of said town, and the Town Council is hereby constituted a Board of Equalization."

Section 7 of the charter was amended by Chapter 8928, Acts of 1921, to read as follows:

"Section 7. That said Town of Crescent City shall have full power to levy its own tax not to exceed 2 per cent on the assessed valuation of the taxable property within said corporation limits, and make its own assessments upon the property situated in said Town, and for this purpose to fix the valuation of said property by its proper officers without regard to the valuation fixed thereon by the State and County officers charged with the assessment of property for taxation, and that the said Town of Crescent City may prescribe by proper ordinance the time for the collection of taxes for said municipality."

Section 1890 R. G. S., 3000 C. G. L., provides:

"To impose and collect taxes. The city or town council shall have power to raise, by tax and assessment upon all real and personal property, and by license on professions, business and occupations carried on within the corporation, all sums of money which may be required for the improvement and good government of the city, and for carrying out the powers and duties herein granted and imposed; and to enforce the receipt and collection of the same in the manner now provided by the laws of the State for the assessment and collection of State taxes and licenses."

Section 756 R. G. S., 969 C. G. L., provides:

"Advertising and selling lands for unpaid taxes: If the taxes upon any real estate shall not be paid before the first day of April of any year, the tax collector shall advertise and sell in the manner following: He shall make out a statement of all such real estate, specifying the amount due on each parcel together with the cost of advertising and

expense of sale, in the same order in which the land was assessed, and such list shall be published once each week for four consecutive weeks in some newspaper published in the county, if there be a newspaper, said newspaper being selected by the board of county commissioners at their first regular meeting in February of each year, and the newspaper so selected shall have been continuously published in the county for a period of not less than one year prior to its selection. Provided, that should there be no such newspaper, a newspaper published for a less period of time may be selected, and if there be no such published in the county, then by posting in three public places in the county, one of which shall be at the court house, and the newspaper charges for advertising shall be fifteen cents per line for the four insertions per single column, and the tax collector shall receive the same for posting at three public places; but in neither case shall there be any charge for the head notice; Provided, that this law shall not apply to lands sold for non-payment of taxes for the year 1906. The Comptroller is authorized to audit said publisher's charges and draw his warrant for the same out of any money in the treasury not otherwise appropriated. The editor, publisher or owner shall have attached to his account an affidavit that he has not directly or indirectly paid or promised to pay any tax collector or any other person any consideration whatever, or any compensation of any description for having said tax notice published in his paper."

Section 765 R. G. S., 980 C. G. L., provides:

"Municipalities; sale and redemption of tax certificates, etc.—Cities and incorporated towns, unless their special charters provide otherwise, shall conform to the state law in force with reference to the care, custody, sale and redemption of tax certificates in so far as they may be

applicable, and shall record a list of such certificates with the Clerk of the Circuit Court of their respective counties."

Section 759 R. G. S., 972 C. G. L., provides:

"Sale of lands for unpaid taxes.—On the day designated in the notice of sale, at 12 o'clock Noon the tax collector shall commence the sale of those lands on which taxes have not been paid as aforesaid, and shall continue the same from day to day until so much of each parcel thereof shall be .sold as shall be sufficient to pay the taxes, costs and charges thereon, and in case there are no bidders the whole tract shall be bid off by the tax collector for the State, and the tax collector must offer all such lands as assessed."

Section 766 R. G. S., 981 C. G. L., provides:

"At the sale aforesaid the tax collector shall give to the purchaser a certificate of such sale describing the lands purchased and the amounts paid therefor. * * *"

It appears that the purpose of the provision quoted from Section 981 C. G. L., *supra,* was to provide a means for evidencing the assignment of the tax lien when real estate was sold for delinquent taxes and bought in by a bidder at such sale.

The tax roll is evidence of liens for the assessments therein lawfully made.

We hold that municipal tax liens of the Town of Crescent City accruing by reason of levy assessment and non-payment of taxes may be foreclosed under the provisions of Chapter 15038, *supra.* See Harris, *et al.,* v. City of Sarasota, 132 Fla. 568, 181 So. 366; Ranger Realty Co. v. Miller, 102 Fla. 378, 136 So. 547; Ridgeway v. Reese, 100 Fla. 1304, 131 So. 136; Hackney v. McKinney, 113 Fla. 176, 151 So. 524, 528, and cases there cited.

We now consider the second question stated by appellant, *supra.*

The tax assessments we find were irregular but not void.

The record shows that for the years set forth in the affidavit of the Tax Collector certain taxes were levied and assessed and that the delinquent assessment roll of the town affirmatively shows a fixed levy of taxes.

The affidavit of the Tax Collector is by the provisions of Chapter 15038, *supra,* made legal evidence and prima facie proof of the facts so certified and of ·all proceedings in and about the levying and assessment of such taxes.

Chapter 18463 was enacted by the Legislature of 1937. That Act provides:

"Section 1. That the assessments, valuations of properties and levies of taxes made by and entered upon the rolls and records of the Town of Crescent City, Putnam County, Florida, for the years A. D. 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934 and 1935, and all Acts and proceedings done and performed by the officials of said town in connection with said assessments, valuations of properties and levies of taxes for the years A. D. 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934 and 1935, be and they are hereby severally ratified, confirmed, validated and legalized in every respect whatsoever, and are hereby made and declared valid, legal and binding both in law and in equity upon all the lands and improvements on which the same are made, assessed and levied, and which stand as the assessments of the taxable property within the town for the years A. D. 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934 and 1935, respectively, and the Town of Crescent City, Florida, through its duly authorized authorities be, and it is hereby empowered and authorized to collect all taxes so assessed and levied in the manner provided by law, or as may be provided by the present charter and ordinance of said town.

"Section 2. That all steps, actions and proceedings taken by the officials of said town for the collection of said taxes so assessed and levied for the years A. D. 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934 and 1935, including all tax sales, be and the same are hereby ratified, confirmed, validated and legalized in every respect whatsoever, and are hereby made and declared valid, legal and binding, both in law and in equity."

A question like that here presented was before this Court in the case of Parker v. City of Jacksonville, 37 Fla. 342, 20 So. 538, and in that case Mr. Justice LIDDON, speaking for the Court, said:

"The City of Jacksonville is not represented in the case before us. Nothing appears in the pleadings or in brief of counsel as to the effect of the Act of 1891, Chapter 4039, Laws of Florida, upon this assessment. Section 2 of this Act provides: 'That the assessments and levies of taxes as made and entered upon the several assessment rolls of said City of Jacksonville for the years 1887, 1888, 1889 and 1890, severally, * * * are hereby legalized and confirmed.' Under the previous utterances of this Court upon the subject there can be no doubt of the power of the legislative department of the State government to legalize and validate assessments and levies of taxes which, but for such legalizing action, would be irregular and invalid. Smith v. Longe, 20 Fla. 697; City of Jacksonville v. Basnett, 20 Fla. 525. But for this validating Act we would hold the tax assessment void, and that proceedings to enforce a lien based thereon could not be maintained. We do not see that the validating act conflicts with any constitutional provision. It is not made to appear that any constitutional principle has been violated in the assessment sought to be enforced. We must, therefore, uphold the statute. Bloxham v. Florida

Central & Peninsular R. R. Co., 35 Fla. 635, 17 South. Rep. 902.".

And in the fifth headnote it was held:

"The taxes involved in this suit are for the year 1890. After they were levied and assessed the Act of 1891 (Chapter 4039, Laws of Florida) was enacted. Section 2 of this Act provides: 'That the assessments and levies of taxes as made and entered upon the several assessment rolls of said City of Jacksonville for the years 1887, 1888, 1889 and 1890, severally, * * * are hereby legalized and confirmed:' *Held.* That the Act in question legalized and validated the assessment of such taxes which otherwise under the facts appearing in the pleadings in this case would have been irregular and invalid; also *held,* that it is not shown that said validating Act violates any constitutional principle."

In Broadwater v. City of Tampa Shores, 126 Fla. 116, 170 So. 657, we quoted, with approval, from opinion in case of Trust Co. of Fla., etc., v. City of Tampa, 103 Fla. 628, 138 Sou. 73, where it was said: "Even if the description is defective or indefinite as to the land, provided the taxes have not been paid on it, or it was not exempt from taxation under the Constitution or the statutes, this would not be a defense to the foreclosure, although it might affect the title conferred by it under a master's deed containing an insufficient description."

Section 5 of Chapter 15038, *supra,* limits defenses which may be interposed in cases of this kind.

Such limitations of defenses have been upheld by this Court in the cases of State *ex rel.* Ranger Realty Co. v. Lummus, 111 Fla. 746, 149 So. 650; Henderson v. Leatherman, 120 Fla. 496, 163 So. 310; Green Cove Farms, Inc., v. Ivey, *et al.,* 119 Fla. 561, 161 So. 56; Arbogast Land Co. v. Philcox, 122 Fla. 539, 157 So. 891, and Ranger Realty Co.

v. Hefty, 112 Fla. 654, 152 So. 439. See also Cooley on Taxation, 3rd ed., 507, 511 and 517; 6 Am. Eng. Ency. of Law 940; 26 Am. Eng. Ency. of Law 698; Cooley's Constitutional Limitations, 7th ed., page 528, *et seq.;* 11 Am Jurisprudence 1208 and 1211.

We have examined the record in connection with the contentions presented under the two questions posed by the cross-appellant and find that we are unable to agree with the contentions so presented. The descriptions of the parcels of land upon which the Circuit Court declined to foreclose the lien were so vague, indefinite and uncertain that the lands attempted to be assessed could not be located by reference to any description or matter appearing on the assessment roll. See Dixon, *et al.,* v. City of Cocoa, 106 Fla. 855, 143 So. 748, and cases there cited; Trust Co. of Fla. v. City of Tampa, 103 Fla. 628, 128 So. 73.

The record also shows that as to a part of the assessments which the Circuit Court held to be entirely invalid that real and personal property were assessed together which violated the provisions of Section 711 R. G. S., 913 C. G. L., as amended by Chapter 16266, Acts of 1933.

For the reasons stated the decrees appealed from should be and are affirmed.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.