On Rehearing.
TERRELL, Justice.
In our main opinion filed March 16, 1955, we held that under § 192.21, F.S.A., appellants were on notice that tax assessments were made annually against their land and that relief against such assessments by the City of Key West could not be granted. On pétition for rehearing it is contended by appellants that § 192.21, F.S.A., is not applicable to municipal taxes. State ex rel, Dofnos Corporation v. Lehman, 100 Fla. 1401, 131 So. 333; Lee v. Walter-Keogh, Inc., 105 Fla. 199, 141 So. 131; Henderson v. Boose, 142 Fla. 804, 196 So. 671; Certain Lots, etc. v. Town of Monticello, 1947, 159 Fla. 134, 31 So.2d 905, are relied upon to support this contention.
The pertinent language used in § 192.21, “all taxes imposed pursuant to the constitution and the laws of this state ,* * appears sufficiently broad to apply to all forms of taxation. Henderson v. Boose, 142 Fla. 804, 196 So. 671, 681; Allison Realty Co. v. Graves Inv. Co., 115, Fla. 48, 155 So. 745; City of Sanford v. Dial, 104 Fla. 1, 142 So. 233, 238. This court has held,, however, that Chapter 10040, Acts of 1925, and Chapter 14572, Acts of 1929, from which § 192.21 derives, apply only to state and county taxes. State ex rel. Dofnos Corporation v. Lehman, supra; Henderson v. Boose, supra. But see City of Fort Myers v. Heitman, 148 Fla. 432, 4 So.2d 871, 873, holding that “ ‘all property shall be taxed upon the principles' established for State taxation’ ”. Section 5, Article IX of the Constitution, F.S.A., relating to .counties and -municipalities required the principle established in § 192.21, F.S.A. (then being Sec. 894-of 1936 Perm.Supp. of C.G.L.), “to be applied to municipal taxation in propl er cases.” In City of Sanford v. Dial, supra [104 Fla. 1, 142 So. 238], we held that pursuant to Sec. 894, Compiled General Laws, 1927 (now Sec. 192.21, F.S.A., in so far as applicable to this case), “ ‘all taxes imposed pursuant to the Constitution and laws of this State, shall "b.e a first lien superior .to .all other liens * * * which, (lien) shall continue in full force and, effect until discharged’ ”, and that the provisions of Sec.. 896, C.G.L.1927 (now in part §§ 192.03, to 192.05, F.S.A.), which enact a lien “superior -to all others” upon all real and personal property for taxes assessed against it, placed upon equal footing all valid state, .county and municipal taxes as distinguished, from special assessments.
This court has also held that a city by its charter may adopt the remedy for foreclosure of tax certificates provided by Chapter 14572, Acts of 1929, and that suit therefor may be maintained notwithstanding the fact that in State ex rel. Dofnos Corp. v. Lehman, supra, we held that Chapter 14572, Acts "of 1929, had no application to municipal tax certificates. Southwest Enterprises, Inc., v. Frasse, 113 Fla. 770, 152 So. 175.
The Dofnos case decided in 1930 must now be construed in the light of changes that have since, taken place. Material changes have been made since 1925 in the law relating to. setting aside an assessment *753 because of irregularities and errors on the part of taxing officials prior to the issuance of the tax deed and in attempts to invalidate a tax deed because of irregularities and errors leading to its acquirement. Thompson, “Tax Titles,” 6 Fla.Law Rev. 1, 9 (1953). Whether Chapter 10040, Acts of 1925, or Chapter 14572, Acts of 1929 (or for that matter Chapter 17442, Acts of 1935, Chapter 20722, Acts of 1941, or Chapter 22079, Acts of 1943, from all of which § 192.21 derives), in their entirety apply to municipalities generally is not material in view of' the nature of the defects raised by the taxpayer. - •
We are of the view that the defects raised by ,the taxpayers are, such as do not constitute a bar to the action on behalf of the city to collect the taxes for the years involved. The only defect necessary to explore is whether the irregularity in the description of the real estate involved voids the lien for taxes so assessed.
At the outset it is clear that we are not concerned with a defect in a tax deed or other instrument of conveyance involving errors in description or jurisdiction that call into play other or different rules of law. Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314; Hawkins v. East Coast Land & Cattle Co., Fla., 1951, 52 So.2d 800; cf. Trust Co. of Florida v. City of Tampa, 103 Fla. 628, 138 So. 73; see also 6 Fla.Law Rev. 11, 27. Nor is the power to levy a valid tax at issue, since reference to the applicable provisions of the city charter makes the existence of this power perfectly clear.
We are of -the opinion that the alleged irregularity in the description of the heal estate-in'question is controlled by Trust Co. of Florida v. City of Tampa, supra; Broadwater v. City of Tampa-Shores, 126 Fla. 116, 170 So. 657; Crawford v. Rehwinkel, 127 Fla. 871, 174 So. 455; City of Fort Myers v. Heitman, supra; Hillsborough County v. Highway Engineering & Const. Co., 5 Cir., 1938, 94 F.2d 419. The principle enunciated in these cases is that even though the description on the assessment rolls is defective because incomplete, indefinite or merely irregular, it is no bar to the lien for the unpaid taxes. Such rule is not to be followed .where the description is so defective as to amount to a denial of due process-when the land is sold for nonpayment of taxes. As stated in 16 Mc-Quillin, Municipal Corporations, Sec. 44.-108: • . -
“ * * * The purpose of the requirement is, first, to give the necessary information or notice of the tax assessed against the particular parcel to the taxpayer himself; second, that the public may., know what property is. liable for the tax and is to be sold in case of nonpayment; and third, that the purchaser may obtain an adequate conveyance. Irregularity in the description will not affect the validity of the assessment if the description is sufficiently definite to enable interested persons to determine the property intended, and the owners are not misled. Deficiencies in a description may, in a proper' case, be supplied,' and, in the absence of objection, it will be presumed on appeal that the assessing board will have corrected an erroneous description of property had the defect been called to its attention.”
In the instant case the pleadings and the evidence leave no doubt that the physical property sought to be assessed, whatever may be the correct legal description, was the taxpayer’s small island located east of Boulevard and south of the U. S. Biological Station in Key West. There was no mistaken identity of the land in assessing .the city taxes. The city taxies have not been paid, ñor is the land exempt from taxation iuider the Constitution1 or statutes. The record is silent as to payment and assessment of county taxes for the same period although the record reveals the same address-ograph plates were used in preparation of the county’s tax rolls as we're used in the city’s tax rolls. The property was assessed to “Thompson [,] Norberg” for all the years in question. In addition, the property is shown by the tax rolls to have been subjected to homestead exemption for each of *754 the years involved. In addition, there is no showing that the valuation of $80,000 ($60,000 for improvements and $20,000 for the land) for the years 1942-45, and $70,000 each year thereafter, is excessive. All the information on the rolls certainly would have put the ordinary taxpayer on notice that it was his “home place” being assessed for taxes, although a surveyor might not be able to locate the property solely from the description.
Illegalities in assessments may not affect the duty to pay a lawful tax. Dewhurst v. City of St. Augustine, 91 Fla. 314, 107 So. 689; City of Fort Myers v. Heitman, supra. Property owners are charged with notice that their property is liable for taxes and this has been held to include city taxes where the power to tax is shown, Rudisill v. City of Tampa, 151 Fla. 284, 9 So.2d 380. In lifting out of context § 192.21, F.S.A., the statement “all owners of property shall be held to know that taxes are due and payable thereon annually, and are hereby charged with the duty * * the power to tax being shown, we impose upon the municipal taxpayer no additional duty not otherwise imposed upon him via virtue of Section 5, Article IX of the Florida Constitution in that “all property shall be taxed upon the principles established for State taxation.”
In situations of this type a taxpayer seeking equitable relief must offer to do equity. City of Fort Myers v. Heitman, supra, and the cases cited therein. No such showing is made by the appellant. Since 1925 or earlier the legislature has more and more indulged the presumption that every property owner is on notice that his taxes are due annually. This is not an unreasonable presumption. It is a common cliché that “death and taxes are certain.” To indulge otherwise would be as ridiculous as it would to assume that one who lives in the country and owns a milk cow was not on notice that she had to be fed and milked twice a day.
The conclusion reached in the original opinion filed March 16, 1955, is adhered to on rehearing granted and the judgment is accordingly affirmed.
.DREW, C. J., and ROBERTS, J., and SANDLER, Associate Justice, concur.