## Strother, &c. *vs* Lovejoy.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Steam boat liens.    Attachment.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

December 30.

THIS bill was filed to enforce payment of Lovejoy's claim against the owners of the steam boat Kentucky, for services as engineer of said boat, and to subject the boat to its satisfaction, on the ground that the complainant has a lien on her for his claim.   The only question in the case is, whether the facts that the demand is due for services rendered as engineer, and that when the bill was filed, the boat was at the wharf in Louisville, and was about to depart, &c., are sufficient to establish the lien and the jurisdiction of the Chancery Court of Louisville.   This question arises under the act of 1839, giving to officers, &c. a lien on steamboats: (3 *Stat. Law,* 112,)

Case stated.

It is contended that the act does not apply unless the contract was made or the services or some part of them, rendered within this State; and that as the bill makes no allegation on these subjects, it does not show a lien on the boat; and no other ground of jurisdiction is pretended.

The claim of the complainant is embraced, if at all, in the first clause of the first section of the act: "that all the officers of steam boats, except the Captain, also the firemen and owners of firemen, together with the mariners and other hands, on all steam boats within the jurisdiction of this Commonwealth, shall have a lien for their wages on the boat," &c.   We are satisfied that this clause was not intended to give a lien except to officers, &c. on steam boats within the jurisdiction of this Commonwealth.   It is not sufficient that the claimant has been formerly an officer on the boat while out of the State, and that after he has ceased to be such officer he finds the boat within the State.   He must have been

The statute of 1839, (3 *Stat. Law,* 112,) gives no lien except to officers, &c. on steam boats within the State of Ky.—it gives none to such as *had been* officers on boats without the State, upon the boat coming into the State.

an officer, &c., on the boat within this State, or he has no lien for his wages under this statute. The second clause of the section makes all steam boats built, repaired or equiped within this Commonwealth, liable for the cost thereof. And the last clause declares that all steam boats coming within this Commonwealth indebted on account of the cost of building, repairing or equiping such boat, shall be liable therefor; the proceedings on all of these liabilities to be *in rem.* The act of 1841, (3 *Stat. Law,* 113,) extends the provisions of the preceding act and the lien on the boat, to every debt contracted by the master, &c. of any steam boat within this State, for stores and provisions furnished to said boat.

Upon comparison of all these provisions, it may be a serious question whether the first clause applies to any steam boat but such as may belong to owners, or at least to a port within this Commonwealth. This construction receives some countenance from the fifth section of the act of 1839, which provides that the liens given by the act shall not affect purchasers without actual notice, unless suit be instituted within one year from the accrual of the cause of action, but that the persons having liens, may have notice thereof endorsed on or attached to the enrollment of the vessel, which endorsement shall operate as actual notice. It is not necessary, however, in the present case, to decide this question. It is sufficient to decide, as we do, that unless the complainant was an officer, (engineer,) on the boat while within the jurisdiction of this Commonwealth, his claim for wages is certainly not embraced within the first, or any other clause of the act of 1839, and that having failed to alledge this fact in any form, his bill does not make out the existance of a lien, and gives no jurisdiction to the Court on that ground. The note signed by the clerk, who was a joint owner of the boat, acknowledging the debt for services to the boat, and dated at Louisville, might furnish some slight ground for infering that the services were in part rendered there, if the fact had been so alledged. But this remote inference, deducible from the note exhibited as a part of the

bill, does not supply the want of a direct allegation of the fact.

And as no other ground of jurisdiction is pretended but that which arises from the supposed lien, we are of opinion that upon the bill taken for confessed, the complainant was entitled to no relief.

Wherefore, the decree is reversed and the cause remanded with directions to dismiss the bill.

*Morris, Pirtle and Speed* for plaintiffs; *Meng* for defendant

