JUNE TERM, 1897. 771

Trustees I. I. F. of Florida et al. v. Gleason.—Opinion of Court.

TRUSTEES OF THE INTERNAL IMPROVEMENT FUND OF FLORIDA, EDWARD L. WHITE, SUSAN G. WHITE, EDWARD C. PENT, ET AL., APPELLANTS, VS. WILLIAM H. H. GLEASON, APPELLEE.

SECTION 1500 REVISED STATUTES UNCONSTITUTIONAL WHEREIN IT PERMITS EJECTMENT BILLS IN EQUITY—APPELLATE COURTS WILL ORDER DISMISSAL OF BILL WHERE EQUITY HAS NO JURISDICTION, EVEN THOUGH THE JURISDICTIONAL QUESTION IS NOT RAISED.

1. Section 1 of Chapter 3884, laws of 1889, brought forward as section 1500 of the Revised Statutes, should be enforced so far only as it can be consistently with the limitations of our Constitution, but it is unconstitutional and without force or effect in so far as it undertakes or has the effect of converting the remedy at law by ejectment into an action cognizable in equity. Where the remedy at law by ejectment is clear and adequate, then this statute can not, constitutionally, put such a case into equity, and thereby deprive the defendant of his common law right of a trial thereof by jury.

2. Where it is apparent to an appellate court that a bill in equity carried to it on appeal makes no case of which a court of equity has jurisdiction, it is proper for it to order a dismissal of the bill for want of equity, even though its equity be not questioned by the pleadings or expressly presented.

Appeal from the Circuit Court for Dade county.

The facts in the case are stated in the opinion.

*P. W. White* and *F. T. Myers*, for Appellants.

*Robbins & Graham*, for Appellee.

TAYLOR, C. J.:

In August, 1892, the appellee filed his bill in equity in the Circuit Court of Dade county against the appellants under the provisions of section 1500 of the

Revised Statutes, the same being section 1 of chapter 3884, laws, approved June 4th, 1889, alleging therein that he was the owner of all the lands lying above the waters of Biscayne Bay in section 19, township 53 S., R. 42 E., in Dade county, Florida, and that he acquired same by a deed of conveyance in fee from his father, W. H. Gleason, who acquired said land by patent from the United States. The bill alleges that portions of said section 19 have been patented to the State of Florida by the United States since the patent thereof to W. H. Gleason, but was so patented by mistake. That the State of Florida has sold and conveyed to several of the defendants various portions of the part patented to her, and that these grantees in turn have conveyed portions of their purchases from the State to still others of the defendants. The bill alleges the defendants or some of them to be in possession, and prays that the patent to the State of Florida for any portion of said section may be cancelled, and that all subsequent conveyances by the State of Florida and her grantees to any part thereof may be cancelled, and the complainant adjudged to be the rightful owner of the whole of said section, and that he be put into possession thereof.

The Board of Trustees of the Internal Improvement Fund, and several others of the defendants, answered the bill, reserving therein, as a ground of demurrer to the whole bill the question of its want of equity. The complainant filed divers exceptions on the ground of impertinence to various parts of the several answers of the defendants, and brought said exceptions on for hearing, and the court below made orders sustaining the several exceptions to all of said answers, and from these orders the defendants have taken this appeal.

The bill is filed, expressedly, under the provisions of section one of chapter 3884, laws of 1889, brought forward into the Revised Statutes as section 1500 thereof. It alleges that the defendants are in possession of the disputed lands, sets up an alleged paramount title thereto in the complainant, and prays an adjudication of such title, and that the defendants be evicted thereof and the complainant put into possession. In other words, the bill is simply an ejectment bill, presenting no other feature or claim for the interposition of a court of equity than the bare permit of this statute to carry such cases into equity. In the case of Hughes *et al.* vs. Hannah *et al.*, (decided at our last term) 39 Fla. 365, 22 South. Rep. 613, it was held, in effect, that while this statute should be enforced so far as it can be done consistently with the limitations of our Constitution, that yet it was unconstitutional and without force or effect in so far as it undertook or had the effect of converting the remedy at law by ejectment into an action cognizable in equity. That where the remedy at law by ejectment was clear and adequate, that then this statute could not, constitutionally, put such a cause into equity, and thereby deprive the defendant of his common law right guaranteed by the Constitution of a trial by jury. The bill in this case falls squarely within this decision, and no case is made thereby over which a court of equity has jurisdiction. Having arrived at this conclusion, it becomes unnecessary to enquire into the questions presented by the exceptions filed to the answers of the defendants; but, according to the practice of this and the courts of England and the United States, it is proper for us to order a dismissal of the bill for want of equity, even though its equity had not been ques-

tioned by the pleadings or presented here. Freeman vs. Timanus, 12 Fla. 393; Foley vs. Hill, 1 Phil. (19 Eng. Chy.) 399, affirmed in 2 H. L. Cases, 28; Fowle vs. Lawrason, 5 Pet. 495; Hipp vs. Babin, 19 How. 271; Strother vs. Lovejoy, 8 B. Mon. 135.

Without passing upon the propriety or the impropriety of the rulings upon the exceptions to the answers, the cause is remanded with directions that the complainants bill be dismissed, and that the appellee pay the costs of the cause, and of this appeal.