FIRST TRUST & SAVINGS BANK, a Corporation of Florida, as Trustee, *Appellant*, vs. WEST LAKE INVESTMENT COMPANY, a Florida Corporation, *Appellee.*

141 So. 894.

En Banc.

Opinion filed May 31, 1932.

*McCune, Hiaasen & Fleming,* for Appellant;

*C. H. Landefeld, Jr.,* for Appellee.

BUFORD, C.J.—A bill in equity was filed to foreclose a tax certificate held by the complainant, the appellee here. General demurrer and motion to strike the entire bill and also motion to strike certain parts of the bill of complaint were filed. Demurrer was overruled and motions to strike were denied.

The first question presented is whether or not the foreclosure of a tax certificate constitutes a case in equity

within the purview of Sec. 11, Article V of the Constitution, and the second question presented is whether or not such a suit is within the purview of Sec. 11, Article V of the Constitution authorizing the Circuit Courts to have original jurisdiction of such other matters as the Legislature may provide. We think that both questions may be answered in the affirmative. A tax sale certificate is the evidence of a lien and without the aid of the statute the foreclosure of liens is a matter of equitable cognizance in some jurisdictions. See 21 C. J. 118. Chapter 14572, Acts of 1929, provides a method by which the lien may be enforced and as the suit in this case complies with the method provided by statute the demurrer and motions to strike were properly overruled and denied, respectively.

It is next contended that the provision contained in Chapter 14572, supra, is a violation of the Fourteenth Amendment to the Federal Constitution. We think the contention is without merit. Under its police power the state is authorized to prescribe and enforce reasonable penalties for the non-payment of taxes and the requirement of the statute that reasonable attorneys fees may be assessed against the delinquent taxpayer in foreclosure suits brought to enforce the payment of taxes on specific property to be paid out of the proceeds of the sale of the property under foreclosure is not in conflict with the provisions of the Fourteenth Amendment to the Federal Constitution. Here we have a case involving the enforcement of a lien for unpaid taxes and all the requirements of the due process clause of the Constitution are met by the legal levy and assessment of the tax and by the notice of tax sale and for these reasons the provision in the statute here under consideration authorizing the assessment of attorneys fees must be differentiated from those statutes which have attempted to authorize attor-

neys fees to be adjudicated in favor of the complainant or plaintiff only in cases where suit is for an individual claim, debt or demand or to enforce a statutory lien claimed by one person, firm, association or corporation against another, and for that reason the cases cited by the appellant are not applicable. The entire burden of the levy, assessment and collection of taxes must fall on the property assessed. The lien first accrues in favor of the taxing power and it is within the province of the Legislature to require that all costs incident to the collection of the tax be paid by the owner or from the proceeds of the sale of property, if sale must be resorted to. When the tax sale certificate is held by an individual that individual succeeds to all the rights of the sovereign power making the levy and assessment to enforce the payment of the lien which is evidenced by the certificate. As the statute applies to the foreclosure of all tax sale certificates and tax deeds from and after the expiration of the period of redemption, there appears to be no discrimination prohibited by the Fourteenth Amendment to the Federal Constitution and the classification appears reasonable.

Questions in most respects like those involved in this case have been determined adversely to the appellant in the cases of Ridgeway vs. Reese, 100 Fla. 1387, 131 Sou. 136; Ridgeway vs. Peacock, 100 Fla. 1297, 131 Sou. 140, and Poekel vs. Dowling, et al., 101 Fla. 1171, 132 So. 836. Lee vs. Keogh, decided at the present term.

For the reasons stated, the order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs specially.

ELLIS, J., dissents.

BROWN, J. (Concurring specially).—I am not entirely

594

satisfied that the foreclosure of a tax sale certificate constitutes a ''case in equity'' within the meaning of the first clause of Sec. 11 of Art. V, but I do think that jurisdiction of such cases could be, by the legislature, vested in the Circuit Courts under the further clause in said Section of the Constitution reading ''and of such other matters as the legislature may provide.''

WHITFIELD, J. (Concurring).—Section 11, Article V of the Constitution confers upon the circuit courts ''exclusive original jurisdiction in all cases in equity.'' This includes all matters of which courts of equity have jurisdiction without the aid of statutes and also of matters to which statutes may legally extend the jurisdiction of equity whether such statutes be enacted before or after the adoption of the constitution where the organic right to a jury trial or other rights secured by the constitution are not thereby invaded or violated. See State v. Circuit Court for Eleventh Judicial Circuit, 135 So. 866; Wiggins and Johnson v. Robert Williams, 36 Fla. 637, 18 So. 859; Hughes, Sr., et al. v. Hannah, et al., 39 Fla. 365, 22 So. 613; Trustees I. I. F. of Florida et al. v. Gleason, 39 Fla. 771, 23 So. 539; Hawthorne v. Panama Park Co., 44 Fla. 194, 32 So. 812; McMillan et al. v. Wiley, 45 Fla. 487, 33 So. 993; Cowan et al. v. Skinner, Admr., 52 Fla. 486, 42 So. 730; Christopher et al. v. Mungen et al., 61 Fla. 513, 55 So. 273; Martinez et al. v. Ward et al., 19 Fla. 175; Dover Drainage Dist. v. Pancoast et al., 135 So. 518; Camp Phosphate Co. v. Anderson, Trus., et al., 48 Fla. 226, 37 So. 722; W. Va. Hotel Corp. v. Foster Co. et al., 101 Fla. 1147, 132 So. 842; Sheldon v. Powell et al., 99 Fla. 782, 128 So. 258; F. E. C. Ry. Co. v. The State of Florida, 77 Fla. 571, 82 So. 136; Briles v. Bradford, 54 Fla. 501, 44 So. 937; Mills v. Britt, 56 Fla. 839, 47 So. 799; Norris vs. Eikenberry, 103 Fla. 104, 137 So. 128. Equity cognizance is not fixed as of the

date of the adoption of the constitution as is the right to a jury trial. See Giles English v. The State of Florida, 31 Fla. 340, 12 So. 689; State ex rel. Swearingen v. Bullock, 76 Fla. 113, 79 So. 337.

Even if the foreclosure of the tax liens is not inherently a matter of equity cognizance, statutes authorize tax lien to be foreclosed by due procedure in equity and this makes such foreclosure proceedings "cases in equity" within the meaning of the quoted organic provision. The constitution does not secure a jury trial in such foreclosure cases and no other organic provision is shown to be violated by the statutes authorizing tax lien foreclosure proceedings in courts of equity.

Davis, J., concurs.