BELLE C. BRICKELL, an unmarried woman, MAUDE E. BRICKELL, an unmarried woman, and GEORGE M. BRICKELL and LIZZIE BRICKELL, his wife, v. F. B. PALBICKE.

167 So. 44.

Opinion Filed March 30, 1936.

*Stapp, Gourley, Ward & Ward,* and *Gilroy & Milledge,* for Appellants;

*Albert B. Bernstein,* for Appellee.

BUFORD, J.—The appeal is from an order denying motion to dismiss bill of complaint seeking to foreclose lien of a certain tax sale certificate issued at a sale for delinquent State and county taxes levied for the year 1929 at the tax sale of 1930 and also the lien of a certain tax sale certificate issued at a sale for delinquent municipal taxes levied for the year 1929 at the municipal tax sale of 1930.

The land description contained in the municipal tax certificate was as follows:

. "DESCRIPTION OF LAND.—Lot 1 Blk. 103 Suoth Less W'ly 484.95' & part deeded to City & Less St. ALSO Less parcel for bridge approach being 125' on SE 5th St. & 68.2' on River as Per Res 4211 Brickell Hold Pla. PB. 8 pg. 93 94369 in the City of Miami, County of Dade, State of Florida."

The description contained in the State Tax Certificate is as follows: `

|                                          |       | T.   | R. |        |
|------------------------------------------|-------|------|----|--------|
| "DESCRIPTION OF LAND.                    | Sec.  | S.   | E. | Acres  |

"Lot 1 Less W 457.98 ft. and Less 220 ft. and Less Strip 100 ft. wide for S. E. 2nd Ave. Rip Rts. Blk 103 Mary Brickell Addn. to Miami South. Plat Book B, page 113, in the County of Dade, State of Florida.

"Assessed Value $510.50."

That the lien evidenced by valid tax sale certificates is of such character that it may be enforced by foreclosure without the aid of statutory provisions particularly authorizing and fixing the procedure for such foreclosure is established in this jurisdiction by the opinion and judgment in the case of First Trust and Savings Bank v. West Lake Inv. Co., 105 Fla. 590, 141 Sou. 894. This must be true because it is well settled that a valid tax sale certificate constitutes a lien of highest character.

In the case of First Trust & Savings Bank v. West Lake Inv. Co., *supra,* it was held:

"When the tax sale certificate is held by an individual that individual succeeds to all the rights of the sovereign power making the levy and assessment to enforce the payment of the lien which is evidenced by the certificate."

See also San Sebastian Development Corp. v. Couch, 103 Fla. 692, 138 Sou. 61, and 37 Cyc. 1242; Black on Tax Titles, 2nd ed. p. 240, Sec. 193.

The foreclosure of liens is a matter of equitable cognizance and is, therefore, within the jurisdiction of our Circuit Courts under Sec. 11, Art. V, of our Constitution.

But, are the certificates here under consideration valid certificates? It will be noted that the descriptions contained in the certificates are not identical. When we compare the description contained in the State and county certificate with the certificate under consideration in the case of Dixon, *et*

*al.,* v. City of Cocoa, 106 Fla. 855, 143 Sou. 784, we find that the description before us now is as fatally defective as was the description in that case. The description calls for Lot 1 * * * and less 220 ft. * * * etc. Where is that 220 ft. which is lifted out of the assessment? Its location must be arrived at by guess work, or be based on information not disclosed by the record. This description does not meet the rule as stated in Inter-City Sec. Co. v. Barbee, 106 Fla. 671, 143 Sou. 791, that, "description in assessment roll which makes it possible for surveyor with aid of tax record to identify property with reasonable accuracy is sufficient." This statement was quoted with approval in the case of Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. 439.

So we must hold that the allegations of the bill of complaint, because of the fatal defects in the description contained in the tax sale certificate above referred to are not sufficient to warrant a foreclosure of the lien evidenced by that certificate against the lands as described in the bill of complaint.

The description contained in the municipal tax sale certificate was more definite than that contained in the State and county certificate, but it too is defective and is amenable to like criticism as that which was applied to the certificate under consideration in the case of Crawford, *et al.,* v. Rehwinkle, filed October 26, 1935, and reported 163 Sou. 851. Under the legal principles stated in that case it may be that the bill of complaint can be amended so as to clarify and make certain the description contained in the municipal tax sale certificate.

The motion to dismiss in this case is based upon grounds which would have constituted grounds for demurrer prior to the enactment of the 1931 Chancery Practice Act. So the order appealed from should be reversed with directions

that the motion to dismiss be granted, with permission for the complainant to amend his bill of complaint within a reasonable time to be named by the court, and that other and further proceedings be had not inconsistent with the views herein expressed.

So ordered.

Reversed with directions.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.