THE SIVORT COMPANY, THE LONG COMPANY, and DALLAS INVESTMENT CO., v. THE STATE, for the use and benefit of the State of Florida and Dade County.

186 So. 671.

Division A.

Opinion Filed January 27, 1939.

Rehearing Denied February 24, 1939.

*Leo Rosen, Charles P. West* and *Louis Schwartzkopf,* for Appellants;

*George C. Simpson,* for Appellee.

BUFORD, J.—Appeal brings for review order denying motion to dismiss bill of complaint, the purpose of which

was to foreclose tax certificates. The bill of complaint was attacked on the theory that its efficiency depends upon the provisions of Chapter 17,460, Acts of 1935, being entitled:

"An Act Relating to and Concerning Taxation and Providing for the Foreclosure in Equity of Tax Sale Certificates and Deeds and Procedure in Such Cases in Which Said Tax Sale Certificates and Deeds Have Been Issued to the Treasurer of the State of Florida and Providing for Procedure in Such Cases in Counties Having a Population of Not Less Than 180,000, Nor More Than 200,000, According to Any Federal or State Census Heretofore or Hereafter Taken."

It is the contention of the appellant that the complainant must maintain the suit, if at all, under power and authority created and vested by the legislative Act, *supra,* and that the Act is void because the provisions of Sec. 21, Article III, of the Constitution were not complied with. This contention is based on the hypothesis that the legislation is a local and special Act and was not advertised as required by the Constitution, *supra,* and did not provide for a referendum.

If it were necessary to have legislative authority to provide the right to foreclose a tax certificate it might be necessary for us to discuss this contention, but such is not the law. No statutory authority is required to authorize the State to foreclose tax liens evidenced by tax sale certificates lawfully issued to the State.

In Brickell v. Palbricke, 123 Fla. 508, 167 Sou. 44, we said:

"That the lien evidenced by valid tax sale certificates is of such character that it may be enforced by foreclosure without the aid of statutory provisions particularly au-

thorizing and fixing the procedure for such foreclosure is established in this jurisdiction by the opinion and judgment in the case of First Trust and Savings Bank v. West Lake Inv. Co., 105 Fla. 590, 141 Sou. 894. This must be true because it is well settled that a valid tax sale certificate constitutes a lien of highest character.

"In the case of First Trust & Savings Bank v. West Lake Inv. Co., *supra,* it was held: 'When the tax sale certificate is held by an individual that individual succeeds to all the rights of the sovereign power making the levy and assessment to enforce the payment of the lien which is evidence by the certificate.'

"See also San Sebastian Development Corp. v. Couch, 103 Fla. 692, 138 Sou. 61, and 37 Cyc. 1242; Black on Tax Titles, 2nd ed. p. 240, Sec. 193.

"The foreclosure of liens is a matter of equitable cognizance and is, therefore, within the jurisdiction of our Circuit Courts under Sec. 11, Art. V of our Constitution."

The rights of parties litigant are dependent on the law as it is and not upon what someone may have conceived the law to be.

So, regardless of the validity of the provisions of Chapter 17460, *supra,* courts of equity have jurisdiction to foreclose liens and such jurisdiction being lodged in the Circuit Courts as courts of equity, that jurisdiction may not be abridged or taken away by legislative Act.

However, the statutes are not silent on the subject. Sec. 3228 R. G. S., 5034 C. G. L., provides:

"All liens of any kind, whether created by statute or the common law, and whether heretofore regarded as merely possessory or not, may be enforced by proceedings in chancery."

It, therefore, follows that there is no authority for the

recovery of costs or attorneys fees in such cases as this the order appealed from must be affirmed.

So ordered.

Affirmed.

TERREL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in the opinion and judgment.

WHITFIELD, P. J., and BROWN, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

CHAPMAN, J. (concurring in the conclusion reached).— The tax certificates here involved are liens on the said property against which they were issued and courts of equity have the power to decree their payment. See Section 896 C. G. L. It is not necessary to pass upon the constitutionality of Chapter 17460, Acts of 1935, Laws of Florida. The bill of complaint contained equity and the order of the lower court appealed from is affirmed.

### PETITION FOR REHEARING DENIED

PER CURIAM.—In petition for rehearing pursuant to our opinion and judgment filed herein on January 17th, 1939, counsel representing the appellee insists that because of the provision contained in Section 6 of Chapter 17460, Acts 1935—

"Section 6. In all cases in which foreclosure shall have been filed and in all cases in which foreclosure shall have been authorized by the County Commissioners but not actually filed, the complainant shall be entitled to recover a reasonable attorney's fee not to exceed twenty-five dollars ($25.00) and ten per cent (10%) of the amount found to be due to be fixed by the Court.

"In fixing the fee of the Attorney the court shall take into consideration the use which the complainant has made

of the privilege herein given of including in one suit more than one certificate and if the Court shall be of the opinion that there has been unnecessary separation of causes of action on the same or different parcels of land which might have been joined in one action it shall not allow or fix an attorney's fee greater than would have been allowed if the actions had been combined."—and because we said in our opinion, *supra*: "There is no authority for the recovery of costs or attorney's fees in such cases as this," it is of manifest interest to the State that we adjudicate the question of the constitutionality of Chapter.17460, *supra*.

The title of the Act is:

"An Act Relating to and Concerning Taxation and Providing for the. Foreclosure in Equity of Tax Sale Certificates and Deeds and Procedure in Such Cases in Which Said Tax Sale Certificates and Deeds Have Been Issued to the Treasurer of the State of Florida and Providing for Procedure in Such Cases in Counties Having a Population of not Less Than 180,000 Nor More Than 200,000, According to Any Federal or State Census Heretofore or Hereafter Taken."

Section 1 of the Act is:

"Section 1. In all counties of the State of Florida having a population of not less than 180,000 nor more than 200,000, according to any Federal or State census heretofore or hereafter taken, in all cases in which a certificate of tax sale or a tax deed, whether heretofore or hereafter issued to the Treasurer of the State of Florida, the State of Florida is hereby authorized on and after the passage of this Act to file a bill in chancery to foreclose the lien of such certificate or deed and the practice, pleading and procedure for foreclosure of mortgages on real estate, except as herein otherwise provided and except that

no personal judgment shall be given. No suit shall be brought on any tax sale certificate until after expiration of two years from the date of the certificate."

It is clear that unless the Act is a general Act it violates the provisions of Section 20 of Article III of our Constitution. The Act is purely a special and local Act because the basis for the attempted classification finds no reasonable justification in connection with the subject matter of the Act. The contents of the Act clearly indicate that it was intended to apply to only one County in the State. See State, *ex rel.*, v. Sheppard, 84 Fla. 206, 93 Sou. 667.

The Act must be held void, for the reasons stated.

Petition for rehearing denied.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in the opinion and judgment.