BELLE G. BRICKELL, et al., v. GRAVES INVESTMENT COMPANY, a Florida Corporation.

9 So. (2nd) 733           Division B

May 19, 1942      Rehearing Denied September 29, 1942

Ward & Ward, H. Pierre Branning, and Morrow & Mays, for appellants.

Albert B. Bernstein, Crawford & May, and Elliott Adams, for appellee.

PER CURIAM:

Challenged on this appeal is a foreclosure decree holding valid and a first lien on the land described in the tax sale certificate numbered 41113, issued by the City of Miami on June 1, 1931, for the unpaid taxes for the year 1930. The certificate issued to W. T. Roberts and the description of the land is viz:

"Miami South, Lot 1 Blk 103 S less W'Ly 484.95' and Part deeded to City and Less St. also less parcel for Bridge Approach being 125' on SE 5th St. & 68.2' on river as per res 4211 Brickell Home Pla. PB. 8 PG 93 94369, in the City of Miami, County of Dade, State of Florida."

A similar tax certificate was before the court in the case of Brickell v. Palbicke, 123 Fla. 508, 167 So. 44. The certificate was by the lower court decreed a valid

and binding lien with other certificates, one of which was issued by the State and the other issued by the City of Miami, on the land as described *supra*. This Court held that the description of the land contained in the State certificate and the municipal tax certificate was each fatally defective as to warrant or support a foreclosure decree and reversed the final decree dated February 1, 1936. An inspection of the record discloses that the description of the land appearing in the municipal certificate held fatally defective in Brickell v. Palbicke, *supra,* is the same as appears in the Roberts' Certificate No. 41113.

On the going down of the mandate efforts were made to amend the original bill of complaint so as to cure the fatally defective description of the land appearing in the municipal certificate so as to conform to the opinion of this Court in Brickell v. Palbricke, *supra,* W. T. Roberts was a defendant in each of the proposed amendments when the lower court on April 12, 1937, entered an order dismissing the original bill of complaint as amended. An appeal from the said order of dismissal was never perfected to this Court.

It is admitted that the land described in the tax certificate issued by the City of Miami, and before the court in Brickell v. Palbicke, *supra,* contained the identical description as appears in Certificate No. 41113 now before the court. The two certificates differ only as to date of issuance. It is contended that the rule enunciated in Brickell v. Palbicke, *supra,* is here inapplicable, because: (a) the court did not hold the land description void for uncertainty; (b) the holding was based on the description appearing on the face of the certificate and there was not then before the court: (1) the plat which formed a part of the description;

(2) the tax roll; (3) the monuments referred to; (4) different parties; and (5) other matters and facts are before the court for the first time. The record, briefs and cases cited to sustain this view have been fully considered.

The case at bar was filed some four or five years after the rendition of the decision in Brickell v. Palbicke, *supra*. W. T. Roberts transferred the certificate to Graves Investment Company, a corporation of which he was president, a short time prior to filing of the suit. Whether or not Roberts is the *alter ego* of the Graves Investment Company does not here become pertinent. The Graves Investment Company acquired no greater rights by the transfer than was possessed or owned by Roberts. The transfer was made subordinate to the rule enunciated in Brickell v. Palbicke, *supra,* and the amendments of the original bill of complaint made in the lower court, and the order of dismissal dated April 12, 1937, of the bill of complaint and amendments.

The description of the land in the tax certificate was by this Court held fatally defective and an opportunity was granted to cure the invalidity of the description, but the amendments offered were insufficient and the lower court so held. Parties are not permitted to litigate the same issue more than once. When a question of fact has been determined by a court of competent jurisdiction, the judgment rendered is final so long as it remains unreversed. The parties and those in privity with them are bound by the decision. See McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323; Town of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279. The certificate was held invalid in Brickell v. Palbicke, *supra,* and the subsequent

amendments of the original bill failed to cure the invalidity of the certificate, when the order of dismissal of April 12, 1937, entered in the lower court concluded the legal right of Roberts, or his privities, to enforce payment on the void certificate. The decree appealed from is hereby reversed.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, JJ., concur.

· ON REHEARING

PER CURIAM:

An order of rehearing having been previously entered by this Court in the case at bar, the several issues involved were again orally argued by counsel for the respective parties. The contention of counsel as to the exceptions in the description of the land now appearing in the tax certificate, as well as the entire description therein, has been carefully weighed, considered and studied in the light of the contention of counsel. The briefs have been re-examined and the testimony of the witnesses and exhibits appearing in the record have been carefully studied for the second time. We have reached the conclusion that our former opinion should be, and on rehearing, adhered to.

It is so ordered.

BROWN, C. J., TERRELL, CHAPMAN, THOMAS and ADAMS, concur.

WHITFIELD and BUFORD, JJ., dissent.