ROBERTS, Justice.
We here review on certiorari an order of the lower court denying petitioner’s motions for a decree on the pleadings and to dismiss a petition filed in the cause by the respondent. Although certiorari is denied for the reasons hereafter stated, an opinion is written so that there will be no misunderstanding by the parties as to the scope and effect of our denial of certiorari. Briefly stated, the facts are as follows:
The petitioner and respondent, Mr. and Mrs! James, were divorced by a decree of the Circuit Court of Volusia County, Florida, in 1948. The decree awarded Mrs. James .$190 per month as alimony, pursuant to, a stipulation therefor made by the parties. Both parties now apparently reside in the State of New York. In 1953, Mr. James petitioned for and obtained in the above-named court a modification of the divorce decree as to alimony payments, by which he was “relieved from the payment of any further sums to the Plaintiff [Mrs. James] as alimony, until the further order *915 of this Court.” The amendatory decree, dated October 8, 1953, was based on a finding of fact therein made that Mrs. James “during the past three years has been living as husband and wife with one Harry Williams,” in Brooklyn, New York. Mrs. James had actual knowledge of the filing of the petition against her by Mr. James through personal service of the petition and a notice of hearing thereon served upon her in Brooklyn by a Deputy Sheriff of the State of New York. She did not, however, appear at the hearing either personally or by an attorney.
Some attempt was made by Mrs. James in 1954 to set aside the amendatory decree of October 1953 on the grounds that she did not receive timely notice of the hearing on the petition and that the facts alleged by Mr. James in his petition were untrue. The record shows that a hearing was had on this application and Mr. James’ motion to dismiss the same, and that an order thereon was entered on January 6, 1955, but the order itself is not in the court file.
Finally, on July 26, 1955, Mrs. James filed the petition which is the subject of this review. She alleged, among others, that she “is not now living with one Harry Williams nor with any other person of the opposite sex in a state of matrimony or otherwise,” and that she “has never held herself out to be Margaret Williams, wife of Harry Williams, nor has she ever lived with the said Harry Williams or with any other man, subsequent to her said divorce, in a' state of matrimony; nor has she ever occupied the same single furnished room with the said Harry Williams.” She asked the court to reinstate her rights to alimony under the original 1948 divorce decree and to vacate the amendatory order of October 8, 1953; that she be awarded temporary alimony and suit money; and that the allowance of alimony be increased from $190, as originally stipulated by the parties, to $250. Counsel for Mr. James filed motions for a decree on the pleadings and to dismiss this petition on several grounds, including res judicata and laches. His motions were denied by the Chancellor, and it is -the order denying these motions that we review-on Mr. James’ petition for the writ of certiorari.
On this review, counsel for Mr. James contends that the petition “is merely asking for a rehearing on a matter that was finally determined against the Petitioner two years prior to its filing,” and that the whole question of alimony is res judicata, requiring a dismissal of the petition. Counsel for Mrs. James contends that, since the amendatory decree expressly stated that Mr. James was relieved of alimony payments only “until the further order of this Court,” there was.no final adjudication of the question of Mrs. James’ right to alimony at some future date, and that the Chancellor may, in his discretion, “allow the ex-wife at a later date to show such change of circumstance as might impel the re-instatement of alimony to her.” As thus narrowed and limited in the brief of counsel for Mrs. James, the issue here presented must be decided in her favor. Clearly, an.order that specifically limits the relief granted only “until the further order” of the court cannot be said to be res ju-dicata of anything except the right to the relief thereby temporarily granted; and we think that, both under the amendatory decree and the public policy of this state with respect to the modification of decrees awarding alimony, Section 65.15, Fla.Stat. 1953, F.S.A., Mrs. James has a right to petition the court for a re-examination of the question of the alimony to which she should be entitled in the future and to persuade the court, if she can, -that her misconduct in the past should not mitigate against her right to recover alimony in the future. Since her petition did not wholly fail to state a cause of action for relief, certiorari should be denied.
But it should be noted that the amendment or rescission <?f what is, in effect, an interlocutory order is not the same thing as vacating, ab initio, an order obtained through fraud, collusion, deceit or mistake. And unless the amendatory order is thus vacated and set aside, Mrs. James cannot in the proceeding sub judice reliti-gate the factual issue adjudicated therein. *916 Parties' are not permitted to litigate the same issue more than once. Brickell v. Graves Inv. Co., 150 Fla. 785, 9 So.2d 733. No argument is here made on the question of whether the allegations of Mrs. James’ petition were sufficient, if proved, to support a decree vacating, ab initio, the amendatory order of October 8, 1953, and no opinion is expressed on this point.
For the reasons stated, certiorari should he and it is hereby
Denied.
DREW, C. J., TERRELL, J., and CRAWFORD, Associate Justice, concur.