CARROLL, DONALD K., Judge
(¿on-curring in part and dissenting in part).
I concur with the majority opinion and judgment in all respects, except that I dissent from that part holding that the plaintiff, a tax sale certificate holder, is not entitled to recover an attorney’s fee in these proceedings to foreclose the lien of a tax sale certificate covering taxes levied and assessed by the City of Valparaiso. There can be no question but that the statutory charter of’ the said city, as quoted in the majority opinion, specifically gives to the city in similar proceedings the right to recover “ * * * a reasonable attorney’s fee to be fixed and determined by the judge of the circuit court in which the suit is brought.” In my opinion, the plaintiff here, as the holder of a tax sale certificate which it purchased from the said city, succeeded to that city’s right to recover a reasonable attorney’s fee as an inevitable result of the application of the rule firmly established in *344 Florida: “When the tax sale certificate is held by an individual, that individual succeeds to all the rights of the sovereign power making the levy and assessment to enforce the payment of the lien which is evidenced by the certificate. This rule was verbatim recognized by the Supreme Court of Florida in First Trust & Savings Bank v. West Lake Investment Company, 105 Fla. 590, 141 So. 894 (1932), Brickell v. Palbicke, 123 Fla. 508, 167 So. 44 (1936), and Sivort v. State, 136 Fla. 179, 186 So. 671 (1939). While technically, of course, a municipal corporation is not a sovereign power, but rather is the creature of a sovereignty (the state), the logic of the quoted rule seems to me to apply with equal force when a municipality is the government that levied and assessed the tax covered by the certificate sold to the individual holder. Therefore, I would reverse that part of the final decree failing to award an attorney’s fee to the plaintiff, and would, for the reasons stated in the majority opinion, otherwise affirm the said decree.