In re John Sheridan KELLY, Debtor.

The FIRST NATIONAL EXCHANGE BANK OF MONTGOMERY COUNTY, Plaintiff,

v.

John Sheridan KELLY and George I. Vogel, II, Trustee, Defendants.

Bankruptcy No. 7–81–00676.
Adv. No. 7–81–0518.

United States Bankruptcy Court, W. D. Virginia, Roanoke Division.

June 1, 1982.

**496**

Darrell Long Tiller, Blacksburg, Va., for plaintiff.

Evelyn K. Krippendorf, Roanoke, Va., for debtor.

George I. Vogel, II, Roanoke, Va., Trustee.

H. CLYDE PEARSON, Bankruptcy Judge.

The issues before the Court are whether a secured creditor, the First National Exchange Bank of Montgomery County (Bank), holds a perfected security interest in certain property as against the debtor's Trustee in bankruptcy, and whether that property should be abandoned.

In August, 1980, the debtor, Kelly, executed a Note to the order of the Bank in the original principal amount of $24,689.58. As partial security for this debt, the debtor surrendered to the Bank a copy of a partnership agreement.[1] The partnership agreement was one between the debtor and several other individuals. The assets of the partnership included an undivided 75% interest in certain lode mining claims in Arizona which had been conveyed to the partners by a quit-claim deed in early 1980. The Bank did not file a financing statement or otherwise record the secured transaction. In June, 1981, the debtor filed his petition for relief pursuant to Chapter 7 of the Bankruptcy Reform Act of 1978 (the Code). In his bankruptcy schedules, the debtor valued his interest in the mining claims at $40,000.00.

The Bank filed this adversary proceeding seeking to force the debtor's trustee to abandon the interest in the mining claims from the estate. Under § 554 of the Code, the trustee may abandon property of the estate that is burdensome to the estate or that is of inconsequential value to the estate. 11 U.S.C. § 554(a). If the trustee does not voluntarily abandon such property, a party in interest may request that the court do so, after notice and a hearing. *Id.* § 554(b). In this proceeding, the trustee has refused to abandon the contested mining interest, and has asserted an interest in that property superior to the security interest claimed by the Bank.

Under the Code of Virginia (1950, as amended), a partner's interest in the partnership is his or her share of the profits and surplus, and that interest is characterized as personal property. Va.Code § 50–26 (1980 repl. vol.). A partner's interest is assignable, and a conveyance of an interest does not alone dissolve the partnership. *Id.* § 50–27. An assignee of a partnership interest is entitled to the profits to which the assignor would otherwise be entitled.

The Uniform Commercial Code (UCC) as enacted in Virginia provides for perfection of an interest in intangible personal property. *Id.* § 8.9–401(1)(c). Intangible property includes accounts, contract rights, and a residual category, general intangibles. *Id.* § 8.9–106. "Accounts" under the UCC are ordinary accounts receivable. Anderson, Uniform Commercial Code § 9–106:4 (1971). Contract rights include rights to payment of money to be earned by some

---

1. In addition to the partnership interest, the debtor gave the bank a security interest in a vehicle. That collateral has been liquidated and the proceeds of sale credited against the balance due on the note.

future performance by the debtor. *Id.* § 9–106:5. All other assignable interests fall into the category "general intangibles."

The Bank argues that the quit claim deed and partnership agreement surrendered to the Bank by the debtor are writings representing the assigned interest, and that under § 8.9–305 of the UCC, possession of those writings is sufficient to perfect their security interest therein. Possession is only sufficient to perfect a security interest in certain types of interests including instruments, negotiable documents, or chattel paper, however. Instruments and chattel paper are defined in § 8.9–105 of the UCC, and negotiable instrument in § 8.3–104 of the UCC. The conveyance document held by the Bank does not in any way embody the partnership interest, or otherwise conform to the requirements for perfection by possession under the UCC.

For the foregoing reason, the Bank's interest in the debtor's partnership interest is unperfected and subordinate to the trustee's interest as of the commencement of the case. *See* 11 U.S.C. § 554. The evidence was that the interest did and does have a value, and the trustee has not found that property to be burdensome to the estate. The Court will not, therefore, order the trustee to abandon the property. Rather the trustee is given leave to administer the property as property of the estate for the benefit of creditors. The Bank will be given leave to amend its claim, if necessary, within 20 days from the date of entry of this Order to reflect the unsecured nature of its claim.

It is so ORDERED.