953 F.2d 1556
 16 UCC Rep.Serv.2d 1150
 SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Charles Phillip ELLIOTT, et al., Defendants,
Charles O. Farrar, Receiver-Appellee,
Kenneth J. Davis, Linda J. Davis, Leroy H. Moeller, As
Personal Representative of the Estates of Adolph Hagstrom,
Squire J. Kingston, Elizabeth Woods, Caroline Estelle,
Lynnis H. McClain, Ted Masco, Anita K. Hailey, Earl
Setterblade, Francis Setterblade, Lloyd Schutzman, Shirley
Schutzman, Albert C. Heil, Melvin Burkhardt, Rosa Ella
Burkhardt, Howard Dore, Ruth Dore, Gerald J. Braun, Christie
Braun, Monica Brooke Braun, C. Albert Ducharme Trust and
Catherine F. Ducharme Trust, Seaton F. McDaniel, Josephine
McDaniel, Trudy and Sidney Kleiner, Claimants-Appellants.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Charles Phillip ELLIOTT, et al., Defendants,
Charles O. Farrar, Receiver-Appellee,
Melvin Burkhardt and Rosa Ella Burkhardt, Movants-Appellants.
 Nos. 89-5457, 89-5528.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 27, 1992.
 
 Merrill N. Johnson, Naples, Fla., for K. Davis.
 Kathleen Monahan, Miami, Fla., for L. Moeller.
 Mark A. Ebelini, Ft. Myers, Fla., for H. Dore.
 Ronald L. Stetler, Naples, Fla., for Virginia Moore.
 John Charles Coleman, Robert J. Coleman, Seaton F. and Josephine A. McDaniel, Ft. Myers, Fla., Gertrude and Sid Kleiner, Naples, Fla., Kathleen A. Monahan, Joaquin Mendez, Miami, Fla., for C. Albert Ducharme Trust.
 Lyons and Farrar, Miami, Fla., for Farrar.
 Frank P. Murphy, Naples, Fla., for S.J. Kingston, Melvin and Rose Ella Burkhardt.
 Marsha Lyons, Lyons & Farrar, William Sadowski, Miami, Fla., for Securities and Exchange Com'n.
 Appeals from the United States District Court for the Southern District of Florida.
 Before FAY and HATCHETT, Circuit Judges, and HILL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR
 
 THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF
 FLORIDA PURSUANT TO ARTICLE 5, SECTION
 3(b)(6) OF THE FLORIDA CONSTITUTION
 
 2
 TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:
 
 
 3
 It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Florida law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Florida. We therefore certify the question for resolution by the highest court of Florida.
 
 
 4
 This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Southern District of Florida.
 
 
 5
 This appeal poses the question whether Florida tax certificates represent interests in land for purposes of Article 9 of the Uniform Commercial Code, thus excluding them from the scope of Article 9. Appellants Howard Dore, Ruth Dore, Gerald J. Braun, Christie Braun, and Monica Brooke Braun challenge the district court's finding that tax certificates are general intangibles under Fla.Stat. § 679.106. These parties had loaned money to Charles Elliott. As collateral for these loans, Elliott tendered the appellants' tax certificates which he had endorsed in blank before a notary public. When Elliott's assets were put into an equitable receivership, the appellants attempted to collect taxes paid on the liened properties, but the tax certificates were frozen by the district court's order. In its Final Order, the district court found that tax certificates are general intangibles, that the only way to perfect a security interest in general intangibles is by filing a financing statement with the secretary of state, and that the appellants had failed to do so. Thus, the Receiver had a superior lien, and the appellants were unsecured creditors.
 
 
 6
 The Florida courts have yet to classify tax certificates for purposes of Article 9 of the Uniform Commercial Code. The appellants argue that tax certificates are interests in land and thus are excluded from the scope of Article 9 by virtue of Fla.Stat. § 679.104(10) which excludes "the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder." If the appellants are correct, then Article 9 does not govern the perfection of a security interest in tax certificates; and the appellants' failure to file a financing statement may not be fatal to their claim of secured status.
 
 
 7
 The appellee argues that a tax certificate is personal property and a general intangible under Fla.Stat. § 679.106. This provision was intended to bring into Article 9 "miscellaneous types of contractual rights and other personal property which are used or may become customarily used as commercial security." Fla.Stat. 679.106, Uniform Commercial Code Comment (1972). This provision has been held to cover the assignment of a tax refund as collateral; In re Ljosheim, 4 U.C.C.Rep. 46 (C.D.Cal. (Bankr.) 1967); the proceeds of an impending lawsuit; Estate of Hill, 27 Or.App. 893, 557 P.2d 1367 (Or.Ct.App.1976); and tickets and ticket proceeds; Klinger v. Pocono Int'l Raceway, Inc., 289 Pa.Super. 484, 433 A.2d 1357, 31 U.C.C.Rep. 1223 (Pa.Super.Ct.1981).
 
 
 8
 If the tax certificates represent an interest in land, then their assignment as collateral would not be governed by Article 9. Rucker v. State Exchange Bank, 355 So.2d 171, 23 U.C.C.Rep. 1020 (Fla.Dist.Ct.App.1978) (Article 9 did not cover assignment of real estate mortgage as collateral for bank loan). Merely because a security agreement bears a relation to land does not mean the agreement falls within the land exception. The assignment of the right to receive payments under a contract for sale of real estate is a personal property right. In re Heide, 915 F.2d 531, 533, 12 U.C.C.Rep.2d 813 (9th Cir.1990); In re Freeborn, 94 Wash.2d 336, 617 P.2d 424, 29 U.C.C.Rep. 1625 (1980). Likewise, the assignment as collateral of the general partner's interest in a real estate venture was treated as personal property. In re Kelley, 34 U.C.C.Rep. 691, 21 B.R. 495 (W.D.Va. (Bankr.) 1982) (partnership's asset was real estate).
 
 
 9
 The appellants argue that the Florida courts and statutes refer to tax certificates as creating first liens on property. Fla.Stat. § 197.122 and § 197.432(2) (1985).[1] Gautier v. Town of Crescent City, 138 Fla. 573, 189 So. 842 (1939) (the purpose of a tax certificate is to evidence the assignment of a tax lien). However, the use of the term "lien" may not be dispositive of whether a tax certificate is an interest in land for purposes of Article 9. The Florida statute does not give the tax certificate holder the right to proceed directly against the land or the landowner to recover the amount paid for the tax certificate. This appears to distinguish a tax certificate holder from a mortgagee, who can foreclose on the land in court.
 
 
 10
 The manner of obtaining and enforcing tax certificates is set out in the statutes. The tax collector sells at auction tax certificates on lands for which the taxes have not been paid. § 197.432. A certificate is struck off to the person who will pay the taxes, interest, costs and charges and will demand the lowest rate of interest on the obligation not exceeding the maximum rate. § 197.432(5). The successful bidder receives a "tax sale certificate" which represents his first lien on the property. § 197.122. (This was the sort of certificate endorsed by Elliott and tender by him as security).
 
 
 11
 If, after two years and less than seven years from the issuance of the certificate, the tax certificate is not redeemed by the delinquent tax payer, the certificate holder may apply for a tax deed from the tax collector. § 197.502. The certificate holder must pay the tax collector the price for redemption of all other "outstanding tax certificates, plus interest, any omitted taxes, plus interest, any delinquent taxes, plus interest, and current taxes, if due, covering the land." § 197.502(2). The tax collector then notifies the clerk of the circuit court that the certificate holder has paid all fees, and the clerk administers the sale of the property at auction. § 197.502(4) and (5). If no higher bid is made than the value necessary to redeem the tax certificate, then the certificate holder gets a tax deed to the property. § 197.542. Section 197.432(2) provides, "A lien created through the sale of a tax certificate may not be enforced in any manner except as provided in this chapter."
 
 
 12
 This was not always so. A 1929 statute prescribed procedure for tax certificate holders to enforce their tax liens against the land in a court of equity. 1929 Fla.Laws ch. 14572. After several foreclosure cases were brought pursuant to this statute; First Trust & Savings Bank v. West Lake Investment Co., 105 Fla. 590, 141 So. 894 (1932); Ridgeway v. Reese, 100 Fla. 1304, 131 So. 136 (1930); this statute was repealed by 1935 Fla.Laws ch. 17442.
 
 
 13
 After the 1935 repeal, the Florida Supreme Court held that a statutory method of enforcing tax liens was not necessary for a court of equity to foreclose a tax lien. Brickell v. Palbicke, 123 Fla. 508, 510, 167 So. 44 (1936) (tax certificates may be foreclosed in courts of equity without statutory authority fixing the procedure); Leland v. Andrews, 129 Fla. 429, 433, 176 So. 418, 420 (1937) (the Act of 1935 did not deprive court of chancery of jurisdiction to adjudicate tax liens).
 
 
 14
 However, the Florida legislature, in the present statute, seems to mandate that the statute provides the only procedure by which a certificate holder can recover on the certificate. § 197.432(2). If this is correct, a certificate holder can no longer foreclose on the certificate. The repeal of this foreclosure procedure may clarify the nature of the right the certificate represents.
 
 
 15
 The appellee argues that the certificate represents a contract with the state for the tax collector to pay the holder the taxes when the landowner pays the tax collector. The certificate holder has no rights against the landowner or the land, but can only ask the tax collector to initiate an action in the circuit court. When the delinquent tax payer redeems the certificate, he pays the money to the tax collector and does not deal directly with the holder. § 197.472(1). The tax collector then pays the holder the amount received less service charges, and the holder must surrender the tax certificate. § 197.472(5) and (6).
 
 
 16
 If the tax collector fails to perform--either by failing to pay the holder when the certificate is redeemed or by refusing to bring a suit to obtain a tax deed--it appears that the certificate holder cannot proceed directly against the landowner. § 197.432(2). At this point, the holder's only remedy would be to obtain a writ of mandamus against the tax collector, for the holder has no rights against the land or the landowner.
 
 
 17
 Our Court, fifty years ago, dealt with and decided a case which may be of interest. Rorick v. United States Sugar Corporation, 120 F.2d 418 (5th Cir.1941). In Rorick, the Everglades Drainage District issued bonds, and the Florida state legislature provided that the bonds would be paid from drainage taxes levied on land in the district. Id. at 419. The Board of Commissioners of the drainage district had a duty to collect the taxes, and the state treasurer had a duty to pay the interest on the bonds from the proceeds of these taxes. Id. at 420. Since the board had failed to collect the taxes, the bondholders sought to foreclose the tax liens on the property and have this Court distribute the taxes. Id. This Court held that the bondholders' remedy was to obtain a writ of mandamus against the officers ordering them to perform their duties, for only the taxing authority has the right to foreclose tax liens. Id. at 421. The bondholders had a contract right, not an interest in land.
 
 
 18
 If a tax certificate is a personal property right, appellee observes, then the certificate holders have failed to perfect their security interest. A contract right is personal property and is properly classified as a general intangible under Fla.Stat. § 679.106. The only way to perfect a security interest in a general intangible is by filing a financing statement. § 679.302(1). If the appellants failed to perfect their security interest, their interest is subordinated to the interest of the Receiver in equity. § 679.301(1) and (3).
 
 
 19
 We believe the issue raised by the parties is appropriate for resolution by the highest court in Florida. We therefore certify the following question:(1) Does a Florida tax certificate represent an interest in land for purposes of the Florida Uniform Commercial Code, so that Article 9 does not govern the creation of a security interest therein by virtue of § 679.104(10).
 
 
 20
 We do not intend the particular phrasing of the question to limit the Supreme Court of Florida in its consideration of the problems imposed by the case. Moreover, our brief recital of the contentions of the parties is intended to illustrate the nature of the issue and is not intended to substitute for the full statement of contentions by counsel. To assist consideration of the case, the briefs of the parties shall be transmitted to the Supreme Court of Florida. The record will be returned to the Federal District Court for the Southern District of Florida. If the Florida Supreme Court should have need of the record, or any part, it should make that known to this Court, the United States Court of Appeals for the Eleventh Circuit, and it shall be made available.
 
 
 
 [1]
 Since the rights of the certificate holder are determined by the law in force when the certificate was issued, the law of 1985 appears to be applicable. See Baldwin Drainage District v. MacClenny Turpentine Co., 154 Fla. 525, 18 So.2d 792 (1944), cert. denied 323 U.S. 798, 65 S.Ct. 554, 89 L.Ed. 637 (1944)