SECURITIES AND EXCHANGE
COMMISSION, Plaintiff–
Appellee,

v.

Charles Phillip ELLIOTT,
et al., Defendants,

Charles O. Farrar, Receiver–Appellee,

Kenneth J. Davis, Linda J. Davis, Leroy H. Moeller, As Personal Representative of the Estates of Adolph Hagstrom, Squire J. Kingston, Elizabeth Woods, Caroline Estelle, Lynnis H. McClain, Ted Masco, Anita K. Hailey, Earl Setterblade, Lloyd Schutzman, Shirley Schutzman, Albert C. Heil, Melvin Burkhardt, Rosa Ella Burkhardt, Howard Dore, Ruth Dore, Gerald J. Braun, Christie Braun, Monica Brooke Braun, C. Albert Ducharme Trust and Catherine F. Ducharme Trust, Seaton F. McDaniel, Josephine McDaniel, Trudy and Sidney Kleiner, Claimants–Appellants.

SECURITIES AND EXCHANGE
COMMISSION, Plaintiff–
Appellee,

v.

Charles Phillip ELLIOTT,
et al., Defendants,

Charles O. Farrar, Receiver–Appellee,

Melvin Burkhardt and Rosa Ella
Burkhardt, Movants–
Appellants.

Nos. 89–5457, 89–5528.

United States Court of Appeals,
Eleventh Circuit.

Aug. 25, 1993.

Merrill N. Johnson, Naples, FL, for K. Davis.

Kathleen Monahan, Miami FL, for L. Moeller.

Frank P. Murphy, Naples, FL, for S. Kingston.

Mark A. Ebelini, Ft. Myers, FL, for H. Dore.

Before FAY and HATCHETT, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

In the initial opinion in this case, *Securities and Exchange Com'n v. Elliott*, 953 F.2d 1560 (11th Cir.1992), we retained jurisdiction over a single unresolved issue in order to certify a question to the Florida Supreme Court. Claimants Howard Dore, Ruth Dore, Gerald J. Braun, Christie Braun, and Monica Brooke Braun had challenged the district court's finding that tax certificates which they held as collateral for a loan made to defendant Charles Elliott were general intangibles under Article 9 of the Florida Uniform Commercial Code, Ch. 679 Fla.Stat. (1991). Applying the Uniform Commercial Code, the district court concluded that the claimants had not perfected a security interest in the certificates such that the Receiver had a superior claim to taxes paid on the property identified in the certificates.

Not wishing to presume to decide a previously unresolved issue of Florida law, we submitted the following question to the Florida Supreme Court:

Does a Florida tax certificate represent an interest in land for purposes of the Florida Uniform Commercial Code, so that Article 9 does not govern the creation of a security interest therein by virtue of § 679.104(10) [Florida Statutes (1991) ?] 953 F.2d 1556.

The Florida Supreme Court accepted the question and answered it in the affirmative. *Securities and Exchange Com'n v. Elliott*, 620 So.2d 159 (1993). The court explained that plain language in Fla.Stat. 679.104(10) and 679.102(2) excluded tax certificates, as liens on real property and statutory liens, from Article 9 of the U.C.C.

As the response of the Florida Supreme Court is contrary to the finding of the district court, the judgment of the district court

with regard to claimants' tax certificates is REVERSED and this issue is REMANDED for further proceedings consistent with the determinations of this court and the Florida Supreme Court.